**In re Timothy James WYLIE and Heather Erin Wylie, Debtors.**

**United Student Funds, Inc., Appellant,**

v.

**Timothy James Wylie; Heather Erin Wylie, Appellees.**

**BAP No. MT–05–1512–McMoPa.**

**Bankruptcy No. 05–61135–RBK.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted on July 20, 2006 at Missoula, Montana.

Filed—Aug. 14, 2006.

Daniel R. Sweeney, Butte, MT, for Debtors.

Before: McMANUS,[1] MONTALI and PAPPAS, Bankruptcy Judges.

## OPINION

McMANUS, Bankruptcy Judge.

Creditor United Student Funds, Inc. ("USF"), by and through Sallie Mae, appeals from an order denying its motion for reconsideration of an order sustaining an objection to its proof of claim. We hold that the bankruptcy court properly denied USF's motion without reviewing the merits of the underlying claim objection. The record also supports the bankruptcy court's finding and conclusion that USF had been properly served with the objection as well as notice of the hearing on it. The bankruptcy court also correctly concluded that the objection did not require an adversary proceeding. We AFFIRM.

## FACTS

Timothy J. Wylie and Heather E. Wylie, the debtors and the appellees in this appeal ("Debtors"), filed a chapter 13 petition on April 18, 2005 and converted it to chapter 7 on June 8.[2]

On May 20 USF filed a proof of claim in the amount of $8,617.66 ("Claim"). The Claim is based on a student loan that

---

1. Hon. Michael S. McManus, Chief Bankruptcy Judge for the Eastern District of California, sitting by designation.

2. All dates are in calendar year 2005.

debtor Heather Wylie received while attending college. The Debtors objected to the Claim ("Objection") on August 4, contending that the amount due was $860.48 rather than $8,617.66.

The certificate of service for the Objection indicates that the Debtors served USF with the Objection on August 4 at the address listed in its Claim. Despite admitting that it had received the Objection, USF failed to file a written response or a request for a hearing within the 10–day period prescribed by Mont. LBR 3007–2.

Even though USF failed to respond to the Objection, the bankruptcy court set a September 6 hearing on the Objection. The bankruptcy court prepared and caused to be served a notice of this hearing ("Notice"). The certificate of service ("Certificate") is appended to the Notice. It is signed under the penalty of perjury, and indicates that the Notice was served on August 26 by first class mail on USF at the address given in its Claim. The Notice was served by an employee of Enterprise Systems Incorporated of Reston, Virginia.

USF failed to appear at the hearing. Unopposed by USF, the Debtors presented evidence establishing that the amount of the Claim should be reduced to $860.00. Immediately after the hearing, the bankruptcy court entered an order sustaining the Objection. In that order, the bankruptcy court noted that USF did not respond to the Debtors' Objection and failed to appear at the September 6 hearing.

On September 20, more than 10 days after the entry of the order, USF filed a motion for reconsideration of the order sustaining the Objection. The docket reflects that on the same date USF also filed a brief in support of the motion. Neither the brief nor the motion are in the excerpts of the appellate record.

The bankruptcy court heard USF's motion for reconsideration on November 15 and then on December 7, issued its memorandum decision and order denying the motion for reconsideration. This appeal ensued.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 157(b)(2)(B) and 1334. We have jurisdiction under 28 U.S.C. §§ 158(a)(1) and (c)(1).

## ISSUES

1. Whether the bankruptcy court abused its discretion in denying USF's motion for reconsideration without considering the merits of, or its defenses to, the Objection.

2. Whether the bankruptcy court was clearly erroneous in finding that USF did not present sufficient evidence to establish that it had not received the Notice.

3. Whether the Debtors' Objection to the Claim required an adversary proceeding.

## STANDARD OF REVIEW

 We review the bankruptcy court's decision on a motion to vacate its judgment or order for an abuse of discretion. *Hammer v. Drago (In re Hammer),* 112 B.R. 341, 345 (9th Cir. BAP 1990), *aff'd,* 940 F.2d 524 (9th Cir.1991). A bankruptcy court abuses its discretion if it bases its ruling upon an erroneous view of the law or a clearly erroneous assessment of the evidence. *Caldwell v. Farris (In re Rainbow Magazine, Inc.),* 136 B.R. 545, 550 (9th Cir. BAP 1992). Findings of fact are reviewed for clear error and questions of law are reviewed de novo. *Kelley v. Locke (In re Kelley),* 300 B.R. 11, 16 (9th Cir. BAP 2003); *see also Earth Island Inst. v. U.S. Forest Serv.,* 442 F.3d 1147, 1156 (9th Cir.2006).

## DISCUSSION

USF argues that the bankruptcy court erred in denying its motion for reconsideration because: (1) it ignored evidence that Mrs. Wylie had misrepresented, or at least selectively produced, her school records in order to justify a reduction of the Claim to $860.00; and (2) it ignored the testimony of an agent for USF, Ruth Hankins, establishing that USF did not receive the Notice setting the hearing on the Objection. USF also asserts that because its Claim is a nondischargeable student loan, the bankruptcy court erred when it permitted the Debtors to challenge the amount of the Claim without commencing an adversary proceeding.

On the other hand, the Debtors contend that the bankruptcy court denied the motion for reconsideration, not for reasons related to the merits of the Claim, but because USF failed to respond to the Objection in a timely fashion and failed to establish an excuse for this failure. Further, because the Debtors admit that the Claim is nondischargeable, an adversary proceeding was not required to challenge the amount of the Claim.

### A. Applicability of FRCP 60(b) [3]

"A claim that has been allowed or disallowed may be reconsidered for cause." 11 U.S.C. § 502(j). Rule 3008 implements section 502(j): "[a] party in interest may move for reconsideration of an order allowing or disallowing a claim against the estate. The court after a hearing on notice shall enter an appropriate order." Rule 3008, however, is silent as to the standard applicable to a motion seeking to reconsider the allowance or disallowance of claims.

■ When a motion is filed pursuant to Rule 3008 within the 10–day period to appeal the original order allowing or disallowing the claim, the motion is analogous to a motion for a new trial or to alter or amend the judgment pursuant to FRCP 59 as incorporated by Rule 9023. *See Abraham v. Aguilar (In re Aguilar)*, 861 F.2d 873, 874–75 (5th Cir.1988).

■ When reconsideration under Rule 3008 is sought after the 10–day appeal period has expired, the motion is subject to the constraints of FRCP 60(b) as incorporated by Rule 9024. *In re Aguilar*, 861 F.2d at 874–75; *S.G. Wilson Co. v. Cleanmaster Indus., Inc. (In re Cleanmaster Indus., Inc.)*, 106 B.R. 628, 630 (9th Cir. BAP 1989).

■ Thus, a motion under FRCP 59, which must be filed prior to the expiration of the 10–day appeal period, may seek a reconsideration of the correctness and merits of the trial court's underlying judgment. *See, e.g., Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174–77, 109 S.Ct. 987, 103 L.Ed.2d 146 (1989).

However, when reconsideration is sought under FRCP 60(b) after the appeal period has expired, the party seeking reconsideration is not permitted to revisit the merits of the underlying judgment or argue that the trial court committed some legal error in arriving at that judgment. *See, e.g., Van Skiver v. United States*, 952 F.2d 1241, 1243–44 (10th Cir.1991), *cert. denied*, 506 U.S. 828, 113 S.Ct. 89, 121 L.Ed.2d 51 (1992). Instead, that party is limited to the narrow grounds enumerated in FRCP 60(b). *Id.* These grounds generally require a showing that events subsequent to the entry of the judgment make its enforcement unfair or inappropriate, or that the party was deprived of a fair opportunity to appear and be heard in connection with the underlying dispute.

---

**3.** All "Rule" references are to the Federal Rules of Bankruptcy Procedure, and all "FRCP" references are to the Federal Rules of Civil Procedure.

■ This distinction is drawn in order to preserve the finality of the order allowing or disallowing a claim. While Rule 3008 permits an order disallowing a claim to be reconsidered, the merits of the claim objection are no longer fair game unless the claimant first establishes a good excuse, cognizable under FRCP 60(b), for its failure to timely contest the objection.

■ In this case, the bankruptcy court entered an order sustaining the Debtors' Objection to the Claim on September 6. USF did not file its motion for reconsideration under Rule 3008 until September 20, 14 days later. Thus, the bankruptcy court correctly treated the motion for reconsideration as a motion for relief from the order sustaining the Objection and applied the standard applicable to motions under FRCP 60(b).

Based on USF's motion, the bankruptcy court determined that USF was not challenging the order sustaining the Objection under FRCP 60(b)(2), (3), (4), or (5), and concluded that those provisions were not germane to its motion for reconsideration.

FRCP 60(b)(2), (3), (4), and (5) allow a trial court to set aside an order for "(2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under [FRCP] 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; [or] (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application."

USF's motion requested relief only under FRCP 60(b)(1) and (6). FRCP 60(b)(1) and (6) allow a trial court to set aside an order for "(1) mistake, inadvertence, surprise, or excusable neglect; . . .

or (6) any other reason justifying relief from the operation of the [order]."

1. FRCP 60(b)(1)

■ USF argues that the bankruptcy court abused its discretion when it refused to reconsider the disallowance of the Claim under FRCP 60(b)(1). In USF's view, the bankruptcy court mistakenly relied on Mrs. Wylie's evidence because she "misrepresented the origination and history of the debt to the Court."

The issue is not whether the bankruptcy court made a mistake accepting or evaluating the uncontested evidence offered by Mrs. Wylie. Instead, the focus is on USF—was its failure to appear at the hearing on the Objection the result of its mistake, surprise, or neglect? If so, was its failure to appear excusable?

■ A proof of claim is presumed to be prima facie valid. See 11 U.S.C. § 502(a). The presumption may be overcome by the objecting party only if it offers evidence of equally probative value rebutting that offered in the proof of claim. See Wright v. Holm (In re Holm), 931 F.2d 620, 623 (9th Cir.1991); Fullmer v. United States (In re Fullmer), 962 F.2d 1463, 1466 (10th Cir. 1992); In re Allegheny Int'l, Inc., 954 F.2d 167, 173–74 (3rd Cir.1992). The burden then shifts back to the claimant to produce evidence meeting the objection and establishing its claim. In re Knize, 210 B.R. 773, 778 (Bankr.N.D.Ill.1997).

The Debtors filed their Objection pursuant to Mont. LBR 3007–2 on August 4. Mont. LBR 3007–2 provides in pertinent part:

If a creditor files a response and requests a hearing within ten (10) days of the date of the objection, then the creditor shall notice the contested matter for hearing pursuant to Mont. LBR 9013–1

and shall provide that the hearing on the objection and response shall be scheduled at least 30 days after the date of the creditor's response and request for hearing. A creditor's failure to file a written response to an objection to a proof of claim and request a hearing within ten (10) days of the date of the objection provided by Mont. LBF 28 shall be an admission that the objection is well taken and the Court may sustain the objection without further notice or hearing.

USF failed to file a written response to the Objection, despite admitting that it had received the Objection. Mont. LBR 3007–2 provided that the bankruptcy court could consider USF's failure to file a response as an admission that the Objection was well taken and could be sustained without further notice or hearing.

While USF might have argued in its motion for reconsideration that Mont. LBR 3007–2 impermissibly required it to respond to the Objection "within ten (10) days of the date of the objection" even though neither section 502 nor Rule 3007 requires a response to a claim objection, it did not raise this or any other attack on Mont. LBR 3007–2. For the reasons explained later in this Memorandum, the Panel declines to reach an issue not raised in the bankruptcy court or briefed for this appeal.

For now, it is sufficient to note that the bankruptcy court did not deem the Objection admitted by USF merely because it failed to request a hearing or respond in writing. Despite USF's failure to respond, the bankruptcy court scheduled a hearing in order to consider the merits of the Claim and the Objection to it.

Once again, USF failed to appear. So, the bankruptcy court considered Mrs. Wylie's evidence at the hearing, uncontested by USF, determined that it was sufficient to overcome the Claim's prima facie validity, and then sustained the Objection.

If Mrs. Wylie's testimony and other evidence were untrue, intentionally false, or otherwise insufficient, USF should have responded to the Objection and appeared at the hearing in order to point out those evidentiary shortcomings. Instead, it chose to do nothing, and having made that choice, it was not entitled to belatedly contest the Objection by filing a motion for reconsideration absent an additional showing that some surprise, inadvertence, or excusable neglect prevented USF from contesting the Objection in a timely fashion. *See Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 393–95, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993); *Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir.2004).

■ USF maintains that it had a reasonable excuse for failing to appear at the hearing on the Objection. According to Ms. Hankins, an agent of USF, USF did not receive the Notice and did not learn of the hearing until it received the order disallowing its Claim.

■ The bankruptcy court's factual findings regarding service of process and other documents are reviewed for clear error. *Jorgenson v. State Line Hotel, Inc. (In re State Line Hotel, Inc.)*, 323 B.R. 703, 708 (9th Cir. BAP 2005).

The bankruptcy court found "little merit" in Ms. Hankins' testimony. This finding is not clearly erroneous.

First, the Certificate appended to the Notice is signed under the penalty of perjury and it indicates that the Notice was served by first class mail on August 26 on USF at the address listed in its Claim. This Certificate fully satisfied the require-

ments of FRCP 5(d), as incorporated by Rule 7005, and is proof of service on USF.[4]

Second, the bankruptcy court also found that the Notice had not been returned as unclaimed or undeliverable. This is borne out by a review of the docket.

Third, the Notice was sent to USF at the same address used to serve the Objection. USF admits that it received the Objection. Had it wished to contest the Objection, it was required to respond to the Objection. It did not. Its failure to appear at the hearing is consistent with its earlier failure to respond to the Objection.

Given these facts, the record is sufficient to support the bankruptcy court's findings that Ms. Hankins' testimony of non-receipt had little credibility, that the Notice had been properly served on USF, and that USF received the Notice.

■ USF further argues that "no one presented any other testimony that the document was received by [USF]." But, such testimony was not required in order for the bankruptcy court to make a finding that the Notice had been served on, and received by, USF. Mail is presumed to be received by the addressee when it was properly addressed, stamped, and deposited in an appropriate receptacle. *See Herndon v. De la Cruz (In re De la Cruz)*, 176 B.R. 19, 22 (9th Cir. BAP 1994) (citing *Hagner v. United States*, 285 U.S. 427, 430, 52 S.Ct. 417, 76 L.Ed. 861 (1932)). The Certificate establishes these facts. Testimony that the document had been received by USF was not required. *Id.*

Therefore, because the bankruptcy court's finding that USF had been served properly with the Notice is not clearly erroneous, USF has no justifiable excuse under FRCP 60(b)(1) for its failure to ap-

pear at the hearing. As a result, it had no right to contest the merits of the Objection in the context of a motion for reconsideration.

The bankruptcy court did not abuse its discretion by refusing to reconsider the disallowance of the Claim. *See In re Hammer*, 112 B.R. at 345.

### 2. FRCP 60(b)(6)

■ USF also asked the bankruptcy court to reconsider the order disallowing its Claim under FRCP 60(b)(6). The bankruptcy court refused to do so. In this appeal, USF has not argued that this refusal was in error.

■ FRCP 60(b)(6) allows a trial court to set aside an order for "any other reason justifying relief from the operation of the [order]." Relief from a judgment or order should be granted " 'sparingly as an equitable remedy to prevent manifest injustice,' " and " 'only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment.' " *United States v. Washington*, 394 F.3d 1152, 1157 (9th Cir. 2005) (quoting *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir.1993)).

In the only portion of the motion for reconsideration that is in the excerpts of the appellate record, the brief USF filed on November 11, USF argued that: (1) it did not appear at the hearing on the Objection because it did not receive the Notice; and (2) the evidence submitted by the Debtors in support of the Objection lacked merit.

These issues are dealt with at length above in the context of FRCP 60(b)(1).

---

**4.** USF apparently seeks to deal with the Certificate by ignoring it. USF failed to provide the Notice and Certificate in its excerpts of the record. These documents are found only in the excerpts provided by the Debtors.

They fare no better as a basis for relief under FRCP 60(b)(6).

We discern no other possible reason that might have justified the bankruptcy court's granting of the motion for reconsideration. Moreover, USF has not proven any extraordinary circumstances that prevented it from timely responding to the Objection.

Accordingly, this court concludes that the bankruptcy court did not abuse its discretion when it denied USF's motion for reconsideration under FRCP 60(b)(6).

### 3. FRCP 60(b)(3)

■ On appeal, USF also argues that the bankruptcy court ignored evidence of misrepresentation or fraud and should have granted the motion for reconsideration under FRCP 60(b)(3). Specifically, USF asserts that its Claim was disallowed because Mrs. Wylie perpetrated a fraud on the bankruptcy court by producing only selected portions of her school records to support her contention that she owed less than demanded by USF.

The bankruptcy court found that USF did "not claim that ... its claimed [sic] was reduced as a result of fraud, misrepresentation or misconduct." The record supports this observation. USF did not argue in its November 11 Pre–Hearing Brief in Support of the motion for reconsideration that the Debtors had obtained an order sustaining their Objection based on fraud or misrepresentation.[5] Nor is an argument under FRCP 60(b)(3) evident from the transcript of the November 15 hearing on the motion for reconsideration.

■ Absent exceptional circumstances, this court generally will not consider arguments raised for the first time on appeal. *See El Paso v. Am. West Airlines, Inc. (In*

*re Am. West Airlines, Inc.),* 217 F.3d 1161, 1165 (9th Cir.2000); *Baldwin v. Marshack (In re Baldwin),* 70 B.R. 612, 617 (9th Cir. BAP 1987) (citing *Diamond Nat'l Corp. v. Lee,* 333 F.2d 517, 528 (9th Cir.1964)). USF has not alleged any exceptional circumstances, nor are any evident.

This Panel concludes that USF had sufficient opportunity to raise the issue in the bankruptcy court but it failed to do so. Hence, USF will not be permitted to raise the issue for the first time in this appeal.

■ Notwithstanding this, neither USF's allegations, nor the evidence in the record, are sufficient to support a finding of misrepresentation or fraud of the type required by FRCP 60(b)(3). To prevail, it must be proven that an order was obtained through fraud, misrepresentation, or other misconduct that prevented the losing party from fully and fairly presenting its defense. Also, the fraud must not have been discoverable with the exercise of due diligence. *Casey v. Albertson's, Inc.,* 362 F.3d 1254, 1260 (9th Cir.2004) (citing *De Saracho v. Custom Food Machinery, Inc.,* 206 F.3d 874, 880 (9th Cir.2000); *Pac. & Arctic Ry. and Navigation Co. v United Transp. Union,* 952 F.2d 1144, 1148 (9th Cir.1991)).

The fraud and misrepresentation alleged by USF, even if true, does not demonstrate that the Debtors prevented USF from presenting its defense to the Objection. Rather, the evidence goes to the merits of the Objection. USF could have presented its evidence of alleged fraud and misrepresentation in a timely response to the Objection. Instead, USF sat on its right to respond and now it is too late to contest the merits.

---

**5.** USF has not included its motion for reconsideration or the supporting brief filed on

September 20 in the excerpts of the record.

Accordingly, USF cannot prevail under FRCP 60(b)(3), even if the Panel permitted it to raise the issue for the first time in this appeal.

B. The Necessity of an Adversary Proceeding

 USF asserts that the bankruptcy court erred in holding that the Debtors could litigate the validity and "thus the dischargeability" of the Claim by filing a claim objection as opposed to an adversary proceeding.

The Debtors did not litigate the Claim's dischargeability. They merely objected to the amount of the Claim.

 A party in interest may object to the amount of a claim, including one that is nondischargeable, without commencing an adversary proceeding. Rule 7001 enumerates the proceedings requiring an adversary proceeding:

(1) a proceeding to recover money or property, other than a proceeding to compel the debtor to deliver property to the trustee, or a proceeding under § 554(b) or § 725 of the Code, Rule 2017, or Rule 6002; (2) a proceeding to determine the validity, priority, or extent of a lien or other interest in property, other than a proceeding under Rule 4003(d); (3) a proceeding to obtain approval under § 363(h) for the sale of both the interest of the estate and of a co-owner in property; (4) a proceeding to object to or revoke a discharge; (5) a proceeding to revoke an order of confirmation of a chapter 11, chapter 12, or chapter 13 plan; (6) a proceeding to determine the dischargeability of a debt; (7) a proceeding to obtain an injunction or other equitable relief, except when a

chapter 9, chapter 11, chapter 12, or chapter 13 plan provides for the relief; (8) a proceeding to subordinate any allowed claim or interest, except when a chapter 9, chapter 11, chapter 12, or chapter 13 plan provides for subordination; (9) a proceeding to obtain a declaratory judgment relating to any of the foregoing; or (10) a proceeding to determine a claim or cause of action removed under 28 U.S.C. § 1452.

Nothing in this rule requires an adversary proceeding when only the amount of a claim is in issue.

USF argues that the bankruptcy court should have required an adversary proceeding even though the Debtors did not challenge the dischargeability of Mrs. Wylie's student loan.[6] In USF's view, by litigating the amount of this debt, the Debtors were "circumventing" the requirement that the dischargeability of a debt can be determined only in the context of an adversary proceeding.

This proposition is tantamount to a requirement that any challenge to a proof of claim for a nondischargeable debt, even when the debt is admittedly nondischargeable, be presented in the context of an adversary proceeding. USF presents no authority for this proposition and there is none to present. *Cf. In re State Line Hotel, Inc.*, 323 B.R. at 713 (holding that a claim objection is not governed by the service of process rules applicable in adversary proceedings).

C. Timing of the Hearing on the Objection and Mont. LBR 3007–2

 At oral argument before us, USF complained for the first time that it had received an insufficient amount of notice of

---

**6.** At oral argument before us, Mrs. Wylie's counsel conceded that the $860.48 owed on the allowed claim was nondischargeable.

the hearing on the Objection. USF now argues that the bankruptcy court should have scheduled the hearing on the Objection at least 30 days after the service of the Notice as required by Rule 3007. The bankruptcy court served the Notice on August 26 for a hearing on September 6. Only 11 days' notice was given to USF.

Absent exceptional circumstances, an appellate court will not consider arguments raised for the first time on appeal. *See In re Am. West Airlines, Inc.,* 217 F.3d at 1165; *In re Baldwin,* 70 B.R. at 617. USF has not alleged any exceptional circumstances, nor are any evident.

Moreover, while USF belatedly raised the issue at oral argument, it failed to address it in its appellate brief. USF has failed to provide "[a] statement of the issues presented and the applicable standard of appellate review" as required by Rule 8010(a)(1)(C). And, its brief does not comply with Rule 8010(a)(1)(E) because it does not include an argument "with respect to the issues presented, and the reasons therefor, with citations to the authorities, statutes and parts of the record relied on." *See Brewer v. Erwin & Erwin, P.C. (In re Marquam Inv. Corp.),* 942 F.2d 1462, 1467 (9th Cir.1991).

Just as USF"s motion for reconsideration might have challenged the requirement in Mont. LBR 3007–2 that it request a hearing on the Objection within 10 days of the Objection, USF might also have challenged the amount of notice it received for the September 6 hearing. Because it raised neither issue below, it deprived the bankruptcy court of the opportunity to consider them. Other than belatedly raising at oral argument the allegedly insufficient notice, USF also has failed to brief these issues for this court.[7]

---

**7.** If USF intended to raise these issues, it had the obligation, in both its motion for reconsideration and its appellate brief, to discuss them and present relevant argument helpful to their resolution. There is much USF might have discussed.

Rule 3007 requires that a "copy of the objection with notice of the hearing thereon ... be mailed or otherwise delivered to the claimant ... at least 30 days prior to the hearing." There is no requirement that the creditor request a hearing or respond in writing to an objection. May a local rule like Mont. LBR 3007–2 dispense with service of a notice of hearing on 30 days' notice? May it condition a hearing on a request for a hearing or a written response even though this is not required by section 502 or Rule 3007? Given that claim objections may be served by mail, is 10 days sufficient notice of the requirement to file a response and request a hearing? When a creditor fails to respond to an objection, no hearing is held under Mont. LBR 3007–2 because the creditor's failure to respond is "an admission that the objection is well taken," permitting the bankruptcy court to "sustain the objection without further notice or hearing." May such an admission be extracted from the claimant even though Rule 3007 does not require a written response to an objection? Questions such as these, none of which were briefed by USF, might be the basis for an argument that Mont. LBR 3007–2, contrary to the requirements of Rule 9029(a), is inconsistent with section 502 and Rule 3007. *Cf. Sunahara v. Burchard (In re Sunahara),* 326 B.R. 768, 782–83 (9th Cir. BAP 2005); *Steinacher v. Rojas (In re Steinacher),* 283 B.R. 768, 772–73 (9th Cir. BAP 2002).

Assuming Mont. LBR 3007–2 accords due process to a claimant and is consistent with Rule 3007, may the bankruptcy court conduct a hearing on less than 30 days notice when a claimant fails to respond timely, ostensibly conceding the objection and waiving a hearing? If so, is Rule 3007 applicable and does it require 30 days' notice? Or, is less notice permissible? Does the answer depend on the impact of FRCP 43(e) (providing in part: "When a motion is based on facts not appearing of record the court may hear the matter on affidavits ... but the court may direct that the matter be heard wholly or partly on oral testimony....")? Once again, issues such as these were not addressed by USF.

If USF wished to complain about the local rule or the amount of notice it received, those issues should have been presented in its mo-

As a result, USF will not be allowed to raise these issues for the first time on appeal.

## CONCLUSION

We conclude that the bankruptcy court correctly denied USF's motion for reconsideration without reaching the merits of the underlying Objection. Also, the record supports the bankruptcy court's finding that Ms. Hankins' testimony regarding USF's alleged failure to receive the Notice had little credibility. And, the bankruptcy court correctly concluded that the Objection did not require an adversary proceeding. We AFFIRM.

tion under Rule 3008 and been adequately briefed for this appeal. USF failed in both respects.