IN RE : CITRUS TOWER
BOULEVARD IMAGING
CENTER, LLC; Debtor.

Citrus Tower Boulevard Imaging
Center, LLC, Plaintiff,

v.

Key Equipment Finance,
Inc., Defendant.

CASE NUMBER 11–70284–MGD
ADVERSARY PROCEEDING
NO. 14–05105

United States Bankruptcy Court,
N.D. Georgia, Atlanta Division.

Signed November 19, 2014

Anna Mari Humnicky, Garrett H. Nye, Gus H. Small, Cohen Pollock Merlin & Small, P.C., Atlanta, GA, for Plaintiff.

John F. Isbell, Garrett A. Nail, Thompson Hine, LLP, Atlanta, GA, for Defendant.

### ORDER CLARIFYING SEPTEMBER 9, 2014 ORDER, DENYING DEBTOR'S MOTION FOR RECONSIDERATION, AND DISMISSING ADVERSARY PROCEEDING

Mary Grace Diehl, U.S. Bankruptcy Court Judge

On September 8, 2014, an Order granting Key Equipment Finance, Inc.'s ("Key") motion to dismiss was entered ("Motion to Dismiss Order") (Docket No. 23). The Motion to Dismiss Order dismissed Debtor's claims with the exception of Debtor's objection to claim. Debtor's objection to claim count survived to allow Key to amend its claim based upon the receipt of post-petition sales' proceeds and payments. Key filed an answer relating to the Objection to Claim count and amended its claim on September 22, 2014. (Docket No. 25; Claim No. 8–2). Debtor then filed a Motion for Clarification or Reconsideration as to the ruling regarding Debtor's objection to claim and a brief in support. (Docket Nos. 27 & 30). Key filed a Response. (Docket No. 37). The amount of Key's amended claim remains in dispute.

Key's amended proof of claim includes a $1,531,252.27 credit for amounts received with its total amended claim exceeding $4 million. Key's amended proof of claim also explicitly notes that the amended claim amount excludes the accrual of interest and legal fees.

Debtor's Motion to Clarify and Reconsider essentially objects to Key's amended proof of claim as to amount. First, Debtor asserts that Key's characterization of its claim, arising from a lease, is improper, and, therefore Key's calculation of the amounts owing are incorrect. Second, Debtor asserts that the amended proof of claim does not include all payments received by Debtor. Debtor believes that Key's original claim should be credited by approximately $1.8 million. Third, Debtor contests the applicable interest rate and that Key is entitled to post-petition interest.

The Motion to Dismiss Order determined that the Forebearance Agreement's [1] waiver barred certain claims brought by Debtor. The Motion to Dismiss Order also determined that Debtor failed to make out its other claims. Lastly, the Motion to Dismiss order determined that Debtor's objection to claim count survived because Key's claim did not reflect the post-petition payments under the Forbearance Agreement and sales' proceeds it had received.

Debtor's Complaint did include an objection to claim count that included factual statements regarding Key's failure to credit amounts received and that the characterization of Key's claim as a true lease was improper. The objection to claim count, however, stated that "Plaintiff objects to Defendant's claim and seeks to have the same equitably disallowed or equitably reduced, and, if not equitably disallowed, equitably subordinated to those of Overend and all other creditors of Plaintiff, other than Sky Top, pursuant to 11 U.S.C. § 510." (Complaint, ¶ 98). The Motion to Dismiss Order held that the basis for Debtor's objection to claim count—equitable disallow/reduction and equitable subordination—was not available to Debtor. The Motion to Dismiss Order directed Key to amend its proof of claim based on the Complaint's allegations and Key's admissions that post-petition payments under the Forbearance Agreement and remitted sales' proceeds were not reflected by Key's proof of claim. The Mo-

---

1. Terms used in this Order refer to the documents more fully described in the September 8, 2014 Order granting Key's Motion to Dismiss (Docket No. 23).

tion to Dismiss Order did not address the proper amount of Key's claim as the equitable disallowance and equitable subordination claims were dismissed for failure to state a claim.

■ To clarify the prior ruling, the Motion to Dismiss Order does not preclude Debtor from filing and prosecuting an objection to Key's amended proof of claim based upon the characterization of the claim (whether the documents giving rise to Debtor's indebtedness should be characterized as a lease or security agreement under applicable state law), the application of payments, and any applicable interest rate. The Court considers Debtor's position in its Motion to Clarify and Reconsider as one limited to the amount and calculation of Key's claim and distinct from the causes of action raised in this adversary proceeding.

■ Debtor's remaining objections to Key's claim do not arise out of Key's alleged improper conduct. The prior ruling in the Motion to Dismiss Order dismissed Debtor's claims relating to Key's conduct. As such, Debtor's objection to Key's amended claim not need be adjudicated in this adversary proceeding. An objection to claim does not require an adversary proceeding and Debtor's remaining bases for objecting to Key's claim can be raised in the underlying Chapter 11 case in the claims' allowance process, including any need for an evidentiary hearing regarding Key's claim. *See e.g., In re Wylie,* 349 B.R. 204, 214 (9th Cir. BAP 2006) ("a party in interest may object to the amount of a claim ... without commencing an adversary proceeding ... Nothing in [Rule 7001] requires an adversary proceeding when only the amount of claim is in issue"); *In re Rodeo Canon Dev. Corp.,* 2010 WL 6259764, at *7 (9th Cir. BAP Oct. 28, 2010) ("contested matters allow for discovery and evidentiary hearings similar to what is allowed for in adversary proceedings.").

■ Key's amended proof of claim satisfied the Motion to Dismiss Order. Dismissing this adversary action gives Debtor the finality it seeks to take any appellate action as to the Motion to Dismiss Order while permitting any reorganization efforts in the main case to proceed. Under the Federal Rules of Bankruptcy Procedure, an objection to a claim must be filed in a specific form, depending on the nature of the objection. "Claim objections must be filed in a main bankruptcy case, and such objections initiate so-called "contested matters," *see* FED. R. BANKR. P. 3007, 9014; COLLIER ON BANKRUPTCY P 3007.01, whereas direct attacks against an asserted interest must be filed as separate "adversarial proceedings." *In re Food Mgmt. Grp., LLC,* 484 B.R. 574, 582 (S.D.N.Y.2012) (internal citations omitted).

An objection to claim as to amount constitutes a contested matter in which the parties can engage in discovery and the Court can hold an evidentiary hearing to make a ruling. The parties will not be prejudiced by dismissing the adversary proceeding since Debtor's objections to the amount of Key's claim are distinct from legal theories Debtor relied upon in the adversary proceeding. The Court notes that the docket shows that the parties are currently engaged in discovery. That discovery process can continue in the main case as needed.

For purposes of clarification, the Motion to Dismiss Order does not preclude Debtor from pursuing an objection to Key's amended claim as to the amount of the claim. This Order explicitly finds that the Motion to Dismiss Order in this adversary did not rule on the characterization, amount, and any applicable interest rate regarding Key's amended claim.

It is **ORDERED** that Debtor's Motion to Reconsider is **DENIED** and the above-styled adversary proceeding is **DISMISSED.**

The Clerk is directed to mail a copy of this Order to Plaintiff, Defendant, and their respective counsel.

**IT IS ORDERED.**