**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

| | |
|---|---|
| In re: | BAP No.  HI-13-1459-KuJuKi |
| GUY R. EUGENIO and LYNN L. MAINAAUPO-EUGENIO, | Bk. No.   13-00833 |
| Debtors. | Adv. No.  13-90020 |
| _____ | |
| GUY R. EUGENIO; LYNN L. MAINAAUPO-EUGENIO, | |
| Appellants, | |
| v. | **MEMORANDUM**[*] |
| CONTINENTAL PACIFIC, LLC, | |
| Appellee. | |
| _____ | |

Argued and Submitted on January 22, 2015
at Pasadena, California

Filed – February 5, 2015

Appeal from the United States Bankruptcy Court
for the District of Hawaii

Honorable Robert J. Faris, Chief Bankruptcy Judge, Presiding

_____

Appearances:     Anthony Paul Locricchio argued for appellants Guy R. Eugenio and Lynn L. Mainaaupo-Eugenio; Jesse W. Schiel of Kobayashi Sugita & Goda argued for appellee Continental Pacific, LLC.

_____

Before: KURTZ, JURY and KIRSCHER, Bankruptcy Judges.

_____

[*]This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8024-1.

**INTRODUCTION**

Continental Pacific, LLC commenced a state court action against the Eugenios seeking summary possession of the real property on which the Eugenios resided. After the state court denied Continental Pacific's summary judgment motion and set the matter for trial, the Eugenios filed their chapter 13[1] bankruptcy petition. Continental Pacific then removed the state court action to the bankruptcy court and filed a new summary judgment motion. The bankruptcy court granted the summary judgment motion and also denied the Eugenios' motion to set aside that judgment. The Eugenios did not timely appeal either of these rulings.

The Eugenios thereafter filed a reconsideration motion in which they argued that Continental Pacific's removal of the state court action was improper, that the bankruptcy court lacked subject matter jurisdiction, and that the state court's prior denial of Continental Pacific's summary judgment motion precluded the bankruptcy court from granting summary judgment. The bankruptcy court denied the reconsideration motion, and the Eugenios appealed.

Because each of the arguments the Eugenios made in their reconsideration motion lack merit, we AFFIRM.

**FACTS**

The Eugenios leased a parcel of land from Continental Pacific under a written month-to-month lease agreement. In

---

[1]Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

2

September 2012, Continental Pacific notified the Eugenios in writing that it was terminating the lease 120 days from the date of that notice. Continental Pacific offered several different justifications for the termination of the lease. In one notice sent in February 2012, Continental Pacific stated that it needed to terminate the lease in furtherance of its redevelopment plans, which contemplated the conversion of the subject real property pursuant to Hawaii's condominium property regime, Haw. Rev. Stats. § 514B-1, et seq. At other times, Continental Pacific said that it was terminating the lease because: (1) the Eugenios were delinquent in paying their monthly rent; and (2) the Eugenios denied Continental Pacific's contractors access to the real property for the purpose of making improvements.

When the Eugenios did not move out by the termination date, Continental Pacific filed a complaint for summary possession of the property in the district court for the State of Hawaii. Continental Pacific then filed a motion for summary judgment, which the state court ultimately denied, but the court shortly thereafter set the matter for trial. On May 20, 2013, a few days before the scheduled trial date, the Eugenios filed their chapter 13 bankruptcy petition, and the automatic stay prevented the state court from moving forward with the trial. A week later, Continental Pacific removed the state court litigation to the bankruptcy court by filing a notice of removal pursuant to 28 U.S.C. 1452(a) and Rule 9027 and then filed a summary judgment motion. The Eugenios did not initially file any opposition to the summary judgment motion. Instead, they requested a continuance of the summary judgment proceedings, which request

3

the bankruptcy court denied.

On July 17, 2013, the bankruptcy court issued an order granting Continental Pacific's motion for summary judgment and also issued a judgment for possession of the property. Two days later, the Eugenios filed a motion to set aside the judgment and to stay enforcement of the judgment. The court partially granted that motion. The court temporarily stayed its prior judgment for possession and, with the consent of both parties, re-opened briefing on the summary judgment motion to permit the Eugenios a further opportunity to file a brief and declarations opposing the motion.

The Eugenios filed their summary judgment opposition and over a hundred pages of supporting documents and declarations. In their opposition, the Eugenios argued that there were genuine issues of material fact. According to the Eugenios, there were genuine factual issues concerning whether Continental Pacific was engaging in a retaliatory eviction and concerning whether Continental Pacific had "unclean hands," which the Eugenios believed would bar Continental Pacific from obtaining any relief from the bankruptcy court. The Eugenios also argued that Continental Pacific had no entitlement to evict them unless and until Continental Pacific satisfied all prerequisites for converting the subject property in accordance with Hawaii's community property regime.

On August 29, 2013, the bankruptcy court entered an order denying the Eugenios' motion to set aside. In that order, the court rejected all of the Eugenios' arguments, denied them any further relief on account of their motion to set aside, and

4

dissolved the temporary stay of the judgment. The bankruptcy court's grant of summary judgment, its denial of the Eugenios' motion to set aside, and the issues the Eugenios raised in their summary judgment opposition are all beyond the scope of this appeal because the Eugenios did not timely file a notice of appeal either from the order granting summary judgment or from the order denying the motion to set aside that judgment.

On September 18, 2013, the Eugenios filed a motion for reconsideration of the court's order denying their motion to set aside. The Eugenios asserted that there were grounds for reconsideration based on Civil Rule 60(b)(3) and (4) (respectively, providing relief from judgments that are void and judgments that were obtained by fraud). In essence, the Eugenios argued in their reconsideration motion that the removal of the state court lawsuit to the bankruptcy court was improper, that the bankruptcy court lacked jurisdiction over the matter, and that the state court's order denying summary judgment precluded the bankruptcy court from granting summary judgment.

The bankruptcy court entered an order denying the reconsideration motion on September 23, 2013. The bankruptcy court in relevant part reasoned that none of the allegations set forth in the motion, even if they were found to be true, would support the conclusion that the judgment was either fraudulently obtained or void. The bankruptcy court further reasoned that all of the arguments set forth in the motion either already were raised, or should have been raised, in the Eugenios' summary judgment opposition. That same day, the Eugenios filed their notice of appeal.

5

**JURISDICTION**

We address the relevant jurisdictional issues in the discussion section, below.

**ISSUES**

1. Is this appeal moot?

2. Did the bankruptcy court have subject matter jurisdiction over Continental Pacific's removed complaint for summary possession?

3. Did the state court's denial of summary judgment preclude the bankruptcy court from granting summary judgment?

**STANDARDS OF REVIEW**

We consider jurisdictional issues under the de novo standard of review. Mantz v. Cal. State Bd. of Equalization (In re Mantz), 343 F.3d 1207, 1211 (9th Cir. 2003); see also Rev Op Group v. ML Manager LLC (In re Mortgs. Ltd.), 771 F.3d 1211, 1214 (9th Cir. 2014).

We review the bankruptcy court's denial of the Eugenios' reconsideration motion for an abuse of discretion. First Ave. W. Bldg. LLC v. James (In re OneCast Media, Inc.), 439 F.3d 558, 561 (9th Cir. 2006). The bankruptcy court abused its discretion in denying the reconsideration motion if its ruling was based on an erroneous view of the law or a clearly erroneous factual finding. United States v. Loew, 593 F.3d 1136, 1139 (9th Cir. 2010).

**DISCUSSION**

**A. Mootness Issue**

One of the threshold issues that we must resolve before we can address the merits of this appeal is whether this appeal is moot. This issue is jurisdictional and arises from the case or

6

controversy requirement of Article III of the Constitution. In re Mortgs. Ltd., 771 F.3d at 1214; Motor Vehicle Cas. Co. v. Thorpe Insulation Co. (In re Thorpe Insulation Co.), 677 F.3d 869, 880 (9th Cir. 2012). We have an independent duty to assure ourselves that this appeal is not moot even when the parties do not raise the issue. Pilate v. Burrell (In re Burrell), 415 F.3d 994, 997 (9th Cir. 2005).

An appeal is moot, and does not present a live case or controversy, when it would be impossible for us to grant any meaningful relief to the appellants even if they were to prevail. In re Mortgages Ltd., 771 F.3d at 1214. Here, the Eugenios have admitted that they already have been evicted from their residence and that their residence has been demolished. See Aplt. Opn. Br. at p. 19 ("It has now since been bulldozed down, despite the fact improper possession of the home owned by the Eugenios was obtained through a defective Writ of Possession."). Consequently, even if we were to rule in the Eugenios' favor and reverse or vacate the summary judgment ruling granting possession to Continental Pacific, the Eugenios could not be restored to possession of their residence, as it no longer exists.

It is obvious from the Eugenios' filings in the bankruptcy court and on appeal that, by opposing Continental Pacific's summary judgment motion, they sought to continue to live in their residence. Now that possession of their residence no longer can be restored to them, resolving this appeal in their favor would appear to confer upon them little meaningful relief. See Benavides v. Hous. Auth. of San Antonio, Tex., 238 F.3d 667, 670 (5th Cir. 2001) (holding that action seeking to enjoin demolition

7

project was moot where demolition was 55% complete and had progressed to the point where the plaintiffs' dwellings were no longer habitable); see also Pres. Pittsburgh v. Conturo, 477 F. App'x 918, 920 (3d Cir. 2012) (holding that action seeking to enjoin demolition of Pittsburgh's Civic Arena was rendered moot by the demolition of the Arena); Interior Reg. Hous. Auth. v. Vill. of Dot Lake, 303 Fed.Appx. 483 (9th Cir. 2008) (dispute regarding housing authority's legal right to evict tenants despite passage of tribal ordinance purporting to prohibit those evictions was moot because all of the tenants already had moved out of the subject building, the housing authority had closed down the building, and there was no legal impediment to the housing authority demolishing the building if it chose to do so).

The Eugenios suggest that we still might be able to afford them other meaningful relief, that we could order Continental Pacific to replace the demolished residence. See Aplt. Opn. Br. at pp. 31-32. We disagree. The proceedings before the bankruptcy court were limited to Continental Pacific's complaint seeking summary possession of the real property. As a result, the Eugenios' attempt now to seek affirmative relief is beyond the scope of this appeal.

Even so, we decline to dismiss this appeal as moot. The lease the Eugenios entered into with Continental Pacific was in essence a ground lease. If the Eugenios were to prevail, the facts currently before us suggest that we could restore possession of the raw land to the Eugenios pending resolution of the litigation over the parties' respective rights to possession. While this certainly is not the complete relief the Eugenios

8

would have preferred, it is sufficient effective relief to prevent this appeal from being declared moot.[2]

**B.   Merits Analysis**

The only issues properly within the scope of this appeal are the Eugenios' jurisdiction argument and their preclusion argument.  Those were the only two arguments the Eugenios raised in their reconsideration motion, and the Eugenios' appeal was only timely as to the order denying that reconsideration motion. We will address each of these arguments in turn.  However, before we do so, we will set forth the standards generally governing reconsideration motions.

**1.   General Reconsideration Motion Standards**

Depending on the timing of the motion, a motion generically named as a reconsideration motion may seek relief under either Civil Rule 59 or Civil Rule 60 (as made applicable in bankruptcy cases by Rules 9023 and 9024).  See United Student Funds, Inc. v. Wylie (In re Wylie), 349 B.R. 204, 209 (9th Cir. BAP 2006); Captain Blythers, Inc. v. Thompson (In re Captain Blythers, Inc.), 311 B.R. 530, 539 (9th Cir. BAP 2004).

When a party files a reconsideration motion within fourteen days of entry of the judgment or order, the court may treat the

---

[2]At oral argument, counsel for Continental Pacific asserted that the Eugenios leased their dwelling from Continental Pacific. The record does not support Continental Pacific's assertion.  The lease Continental Pacific presented to the court in support of its summary judgment motion plainly stated that Continental Pacific was leasing the land to the Eugenios and specifically excluded from the lease any improvements built on the land.  In fact, the lease also contained an acknowledgment stating that Continental Pacific did not own the improvements built on the land.

9

motion as a motion for new trial or to alter or amend the judgment under Civil Rule 59(e). See Rule 9023; In re Wylie, 349 B.R. at 209. On the other hand, when (as here) the reconsideration motion is filed more than fourteen days after entry of the judgment or order, a motion for reconsideration must be construed as a motion for relief from judgment under Civil Rule 60(b). See Rule 9024; In re Captain Blythers, Inc., 311 B.R. at 539; Negrete v. Bleau (In re Negrete), 183 B.R. 195, 197 (9th Cir. BAP 1995).

When a party seeks Civil Rule 60(b) relief after the time period for filing an appeal has expired, that party may not revisit the underlying merits of the judgment or otherwise attack the court's rulings leading up to that judgment. In re Wylie, 349 B.R. at 209. Consequently, the moving party generally cannot use his or her 60(b) motion to reargue points already made, or that could have been made, when the dispute originally was presented to the bankruptcy court. Branam v. Crowder (In re Branam), 226 B.R. 45, 55 (9th Cir. BAP 1998); aff'd, 205 F.3d 1350 (table) (9th Cir. 1999).

Consistent with these general principles, the bankruptcy court here determined that the Eugenios' reconsideration motion should be denied because the Eugenios only offered in support of their motion factual and legal points that they did offer or could have offered in their response to Continental Pacific's summary judgment motion or in their prior motion to set aside the summary judgment. In any event, each of the arguments the Eugenios attempted to make in their reconsideration motion was meritless, as explained below.

10

## 2. Jurisdiction Argument

Citing no legal authority, the Eugenios claimed that Continental Pacific's removal of its complaint to the bankruptcy court was improper and that the bankruptcy court lacked jurisdiction over the subject matter of the complaint. We disagree. At the time the Eugenios filed their bankruptcy case, they had at least a possessory interest in the land they were leasing, and Continental Pacific's complaint sought to divest them of that interest. At a minimum, these undisputed facts were sufficient to confer upon the bankruptcy court subject matter jurisdiction under the broad scope of the bankruptcy court's "related to" jurisdiction, as set forth in 28 U.S.C. § 1334(b). See Sasson v. Sokoloff (In re Sasson), 424 F.3d 864, 868–69 (9th Cir. 2005) (stating that bankruptcy court "related to" jurisdiction is very broad, "including nearly every matter directly or indirectly related to the bankruptcy"); Feitz v. Great W. Sav. (In re Feitz), 852 F.2d 455, 457 (9th Cir. 1988) (stating that an action is "related to" the debtor's bankruptcy case if the action's disposition "could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate."). Thus, the bankruptcy court had subject matter jurisdiction over Continental Pacific's action sufficient to support Continental Pacific's removal of that action under 28 U.S.C. § 1452(a).

If the Eugenios truly believed that the removal was improper, 28 U.S.C. §§ 1334(c) and 1452(b) set forth procedures that they could have invoked by filing a motion for abstention

11

and/or remand. But the Eugenios never filed such a motion or otherwise requested such relief from the bankruptcy court. We know of no authority that compelled the bankruptcy court to sua sponte remand the matter to the state court, nor have the Eugenios cited us to any such authority.

Under these circumstances, the bankruptcy court correctly exercised jurisdiction over Continental Pacific's removed state court complaint.[3]

### 3. Preclusion Argument

Alternately, the Eugenios argued that the state court's order denying Continental Pacific's summary judgment motion precluded the bankruptcy court from later granting summary judgment in favor of Continental Pacific. At the outset, we note that the Eugenios did not specify or cite any authority indicating whether they were relying upon issue preclusion doctrine or claim preclusion doctrine. Either way, the Eugenios' preclusion argument would fail. We acknowledge that, under the full faith and credit doctrine, the bankruptcy court and this Panel must give the same preclusive effect to the Hawaii state court's rulings that the Hawaii courts themselves would give them. See Ormsby v. First Am. Title Co. of Nev. (In re Ormsby),

---

[3]Per Rule 9027(a)(1), Continental Pacific alleged in its notice of removal that its complaint constituted a "core" proceeding governed by 28 U.S.C. § 157(b)(1). The Eugenios never challenged the alleged "core" nature of the proceeding, nor did they ever dispute the bankruptcy court's authority under 28 U.S.C. § 157(b)(1) to render a final decision. As a result, the Eugenios forfeited these issues. See Exec. Benefits Ins. Agency v. Arkison (In re Bellingham Ins. Agency, Inc.), 702 F.3d 553, 566-70 (9th Cir. 2012), aff'd on other grounds, 134 S.Ct. 2165 (2014).

12

591 F.3d 1199, 1205 n.3 (9th Cir. 2010). Nonetheless, Hawaii law requires a final judgment on the merits for the application of either claim preclusion or issue preclusion. See E. Sav. Bank, FSB v. Estaban, 296 P.3d 1062, 1067 (Haw. 2013); Exotics Hawaii-Kona, Inc. v. E.I. Dupont De Nemours & Co., 90 P.3d 250, 257 (Haw. 2004). Here, the state court's order denying summary judgment was not a final judgment on the merits in any sense. Continental Pacific's action unequivocally was still pending in the state court when Continental Pacific removed it to the bankruptcy court.

Moreover, even if there were some validity to the Eugenios' preclusion argument (which there is not), the so-called preclusive effect of the state court's order denying summary judgment would not be sufficient by itself to establish that the Eugenios were entitled to relief under either Civil Rule 60(b)(3) or (4), as asserted in their reconsideration motion. In other words, the so-called preclusive effect of the state court's order denying summary judgment would not establish that the bankruptcy court's summary judgment was fraudulent or void. See generally Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 293 (2005) (stating that the principles of res judicata – claim preclusion and issue preclusion – are not jurisdictional and must be pled as an affirmative defense under Civil Rule 8(c)(1)); In re Sasson, 424 F.3d at 872 (same).

**CONCLUSION**

For the reasons set forth above, we AFFIRM the bankruptcy court's order denying the Eugenios' reconsideration motion.

13