

NOT FOR PUBLICATION

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: <br> WESTWOOD PLAZA NORTH, a <br> California general partnership, <br>                Debtor. | BAP No. CC-21-1046-GHL <br><br> Bk. No. 2:84-bk-10894-BR |
| SHMUEL ERDE, <br>                Appellant, <br> v. <br> IRSFELD, IRSFELD & YOUNGER, LLP, <br>                Appellee. | **MEMORANDUM**[*] |

Appeal from the United States Bankruptcy Court
for the Central District of California
Barry Russell, Bankruptcy Judge, Presiding

Before: GAN, HESTON,[**] and LAFFERTY, Bankruptcy Judges.

## INTRODUCTION

Over the past two decades, Appellant Shmuel Erde ("Erde") has filed

at least six lawsuits in state and federal court, multiple bankruptcy cases,

---

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

[**] Hon. Mary Jo Heston, United States Bankruptcy Judge for the Western District of Washington, sitting by designation.

and at least nineteen adversary proceedings to recover losses resulting from a failed partnership nearly forty years ago. His lawsuits have been dismissed with prejudice and his numerous motions for post-judgment relief have been denied. His appeals in these actions have failed, and he has been declared a vexatious litigant in state court, in federal district court, and in the bankruptcy court.

Erde's present appeal is from the bankruptcy court's order denying his third motion for reconsideration ("Third Motion") of the court's order denying his motion to vacate the dismissal of chapter 11[1] debtor Westwood Plaza North's ("Debtor") 1984 bankruptcy case (the "2020 Motion to Vacate"). Erde continues to assert arguments that he has repeatedly made in several prior cases which were denied and affirmed on appeal.

Erde appealed the order denying his motion to vacate to the United States District Court for the Central District of California ("District Court"). That appeal was subsequently dismissed. The present appeal is limited to review of the order denying the Third Motion. But Erde argues only the merits of the 2020 Motion to Vacate and raises no argument that the court abused its discretion in denying the Third Motion. Furthermore, he did not establish any basis for relief in his Third Motion. Accordingly, we AFFIRM.

---

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, and all "Civil Rule" references are to the Federal Rules of Civil Procedure

## FACTS[2]

### A.  Erde's History With Debtor

In 1984, Debtor filed a chapter 11 petition. Erde asserts that he was a partner in Debtor and its largest creditor. Five months after the petition date, the bankruptcy court dismissed the case. After the dismissal, the partnership failed and Erde lost everything. In 2001, Erde began a string of lawsuits against his former partner Theodor Bodnar, his attorneys, and others.[3]

After ten years of litigation involving the partnership's assets, Erde filed a motion in 2012 to reopen Debtor's bankruptcy case, seeking to have the assets administered by the bankruptcy court. He argued that the bankruptcy case must be reopened because he did not have notice of the dismissal. The bankruptcy court denied the motion and specifically found, "I believe you knew very well, Mr. Erde, that it was dismissed." Erde filed a motion to alter or amend the order pursuant to Civil Rule 60(a), made applicable by Rule 9024, which the court denied. Erde appealed, and the District Court affirmed. *In re Westwood Plaza North*, No. CV 13-00318-BRO, 2013 WL 12443393 (C.D. Cal. Oct. 18, 2013). Undeterred, Erde continued his

---

[2] We exercise our discretion to take judicial notice of documents electronically filed in the bankruptcy court's docket in this case and in other cases involving Mr. Erde. *See Atwood v. Chase Manhattan Mortg. Co. (In re Atwood)*, 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

[3] For a comprehensive history of Erde's litigation, see *Erde v. Dye (In re Erde)*, BAP No. CC-18-1321-FLS, 2019 WL 2399708 (9th Cir. BAP June 6, 2019), and *In re Westwood Plaza North*, CV 13-00318-BRO, 2016 WL 11697903 (C.D. Cal. Sept. 16, 2016).

litigation efforts through multiple bankruptcy cases and adversary proceedings. *See Erde v. Dye (In re Erde)*, BAP No. CC-18-1321-FLS, 2019 WL 2399708 (9th Cir. BAP June 6, 2019).

In 2016, Erde requested leave from the District Court to file a motion to correct errors in the bankruptcy court's order dismissing Debtor's case, pursuant to Civil Rules 60(b)(4) and (b)(6). *In re Westwood Plaza North*, CV 13-00318-BRO, 2016 WL 11697903 (C.D. Cal. Sept. 16, 2016). The District Court denied the request and held that the 1984 dismissal order was not void because notice was provided to at least one member of the partnership and, under partnership principles, the knowledge and actions of one partner were imputed to all others. *Id.* at *2. The District Court further held that Debtor failed to provide any grounds for relief under Civil Rules 60(b)(4) and (b)(6). *Id.*

In a 2018 personal chapter 11 case, Erde filed a motion to vacate the 1984 dismissal order and consolidate Debtor's chapter 11 case with his own (the "2018 Motion to Vacate"). *See Erde v. Bodnar (In re Erde)*, BAP No. CC-19-1023-STaL, 2019 WL 5957355 (9th Cir. BAP Nov. 12, 2019). He argued that Debtor's 1984 case was dismissed in violation of his due process rights because he was not served with notice of the motion to dismiss or the order dismissing the case, and consequently the dismissal order was void and must be vacated under Civil Rule 60(b)(4). *See Id.*

The bankruptcy court denied the 2018 Motion to Vacate. We affirmed on the basis that Erde's due process claim was an impermissible collateral

4

attack on the bankruptcy court's 2012 decision not to reopen Debtor's case. *Id.* The Ninth Circuit affirmed. *Erde v. Bodnar (In re Erde)*, 831 F. App'x 323 (9th Cir. Dec. 15, 2020).

**B.   The 2020 Motion To Vacate And Erde's Motions For Reconsideration**

In December 2020, Erde filed the 2020 Motion to Vacate the 1984 dismissal order pursuant to Civil Rule 60(b)(4) and again argued that the dismissal order was void for lack of due process. Debtor's former attorneys, and the target of much of Erde's prior litigation, Irsfeld, Irsfeld & Younger, LLC ("Appellee"), filed an opposition to the motion and provided a description of Erde's numerous prior cases.

On January 5, 2021, after a thorough review of all documents and exhibits filed, the bankruptcy court entered an order denying the motion with prejudice. The court held that Erde did not establish any grounds for relief and the motion was "simply a continuation of many years of abuse of the judicial system by Mr. Erde in filing meritless pleadings in many courts."

On January 11, 2021, Erde filed his first motion for reconsideration (the "First Motion") and claimed that the court: (1) failed to address constitutional due process; (2) did not address that Debtor concealed assets in its 1984 case; and (3) improperly relied on evidence of Erde's prior acts in violation of Fed. R. Evid. 404(b). The bankruptcy court denied the First

5

Motion, stating, "[t]his Motion is a continuation of the abuse of the judicial system by Mr. Erde and is without merit."

On January 18, 2021, Erde filed a second motion for reconsideration (the "Second Motion") arguing that Appellee, and not Erde, was abusing the judicial system, and demanding that the court further explain its decision. The court denied the Second Motion for reconsideration on January 20, 2021, and it provided a "brief yet thorough" history of Erde's abusive filings. The court held that the Second Motion was also without merit and was simply a continuation of the many years of abuse of the judicial system by Erde.

On January 28, 2021, Erde filed the Third Motion and argued that the court erred in its previous rulings. While the Third Motion was pending, Erde filed a motion to disqualify Judge Russell for alleged bias.

On February 25, 2021, the court entered a memorandum decision and order denying Erde's motion to disqualify. The court also entered an order denying the Third Motion. The court again determined that Erde's motion was lacking in merit and was simply a continuation of many years of abuse of the judicial system.

Erde appealed to the District Court the order denying the 2020 Motion to Vacate. Pursuant to the District Court's vexatious litigant order, the appeal was not accepted for filing. Erde appealed the District Court's decision, and the Ninth Circuit dismissed his appeal as frivolous.

On March 5, 2021, Erde filed a separate notice of appeal of the order denying the Third Motion.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A). We have jurisdiction under 28 U.S.C. § 158.

Erde's arguments on appeal pertain to the propriety of the order denying the 2020 Motion to Vacate, but we previously entered an order limiting the scope of this appeal to the order denying the Third Motion because consecutive reconsideration motions do not toll the time to appeal an original order. *See Nat'l Loan Invs., L.P. v. Brewster (In re Brewster)*, 343 B.R. 51, 55 (9th Cir. BAP 1999); *Martinez v. City of Chicago*, 499 F.3d 721, 725-26 (7th Cir. 2007).

## ISSUE

Did the bankruptcy court abuse its discretion by denying Erde's Third Motion?

## STANDARD OF REVIEW

We review for an abuse of discretion the bankruptcy court's denial of a motion for reconsideration. *Carruth v. Eutsler (In re Eutsler)*, 585 B.R. 231, 235 (9th Cir. BAP 2017). A bankruptcy court abuses its discretion if it applies an incorrect legal standard or its factual findings are illogical, implausible, or without support in the record. *TrafficSchool.com v. Edriver, Inc.*, 653 F.3d 820, 832 (9th Cir. 2011).

## DISCUSSION

In his opening brief, Erde argues that the bankruptcy court should have granted the 2020 Motion to Vacate, but he makes no argument that the bankruptcy court abused its discretion by denying the Third Motion. Erde filed the Third Motion more than fourteen days after the original order denying the motion to vacate. We therefore treat it as a motion for relief under Civil Rule 60(b). *Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001).

"Ninth Circuit decisions have settled that Rule 60(b) is not a substitute avenue for appeal[.]" *Atkins v. Fiberglass Representatives, Inc. (In re Atkins)*, 134 B.R. 936, 939 (9th Cir. BAP 1992). A movant seeking relief under Civil Rule 60(b) after the appeal period has expired "is not permitted to revisit the merits of the underlying judgment or argue that the trial court committed some legal error in arriving at that judgment." *United Student Funds, Inc. v. Wylie (In re Wylie)*, 349 B.R. 204, 209 (9th Cir. BAP 2006). The movant cannot use a Civil Rule 60(b) motion to reargue points already made, or that could have been made, in dispute of the underlying motion. *Branam v. Crowder (In re Branam)*, 226 B.R. 45, 55 (9th Cir. BAP 1998), *aff'd*, 205 F.3d 1350 (9th Cir. 1999) (table).

Instead, the movant is limited to the narrow grounds enumerated in Civil Rule 60(b).[4] "These grounds generally require a showing that

---

[4] Civil Rule 60(b) provides that the court can relieve a party from a final order for the following reasons:

8

events subsequent to the entry of the judgment make its enforcement unfair or inappropriate, or that the party was deprived of a fair opportunity to appear and be heard in connection with the underlying dispute." *In re Wylie*, 349 B.R. at 209.

On an appeal from a Civil Rule 60(b) order, we review an appellant's arguments "solely as they bear on the [bankruptcy] court's exercise of discretion on the Rule 60(b) motion. [Appellant] cannot prevail merely by showing that the [underlying] judgment itself was erroneous." *Sec. & Exch. Comm'n v. Seaboard Corp.*, 666 F.2d 414, 415-16 (9th Cir. 1982).

None of Erde's arguments on appeal bear on the bankruptcy court's exercise of discretion in denying the Third Motion. And he made no argument relevant to any of the grounds for relief under Civil Rule 60(b) in the Third Motion. He merely reasserted arguments which were made, or which could have been made, in the 2020 Motion to Vacate. The

---

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under [Civil] Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

bankruptcy court properly denied the Third Motion and we perceive no error.

## CONCLUSION

Based on the foregoing, we AFFIRM the bankruptcy court's order denying the Third Motion.