NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 11 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: **YELLOWSTONE MOUNTAIN CLUB, LLC,**<br><br>Debtor,<br><br>---<br><br>**TIMOTHY L. BLIXSETH,**<br><br>Plaintiff - Appellant,<br><br>v.<br><br>**BRIAN A. GLASSER, Esq., Trustee of the Yellowstone Club Liquidating Trust; YELLOWSTONE MOUNTAIN CLUB, LLC; BLUE SKY RIDGE, LLC; YELLOWSTONE DEVELOPMENT, LLC; MICHAEL SNOW, 7 B Shareholder; GREG BRANCH, 7 B Shareholder; ROBERT P. WATSON, 7 B Shareholder; KATHARINE M. WATSON, 7 B Shareholder; A. C. MARKKULA, Trustee of the Arlin Trust; 7 B Shareholder; LINDA MARKKULA, Trustee of the Arlin Trust; 7 B Shareholder; BANKERS FINANCIAL CORPORATION, a Florida corporation; 7 B Shareholder;** | No. 13-35113<br><br>D.C. No. 2:12-cv-00020-SEH<br><br>**MEMORANDUM**<sup>*</sup> |

---

       \*      This disposition isn't appropriate for publication and isn't precedent except as provided by 9th Cir. R. 36-3.

**SPANO YELLOWSTONE HOLDINGS LIMITED PARTNERSHIP, 7 B Shareholder; MOUNTAIN VISTA PROPERTIES AG, 7 B Shareholder,**

Defendants - Appellees.

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Argued and Submitted August 5, 2014
Pasadena, California

Before:        **KOZINSKI**, Chief Judge, **PAEZ** and **BERZON**, Circuit Judges.

The bankruptcy court acted well within its discretion in denying Timothy Blixseth's motion for reconsideration of an order allowing the B Shareholders a $22 million claim against the estate.

Bankruptcy Rule 9024 says that Federal Rule of Civil Procedure 60 applies to bankruptcy proceedings. Rule 9024 makes no exception for motions made under 11 U.S.C. § 502(j) to reconsider contested orders allowing claims against the estate. Under Rule 60, there are limited grounds for granting reconsideration, and the bankruptcy judge reasonably determined that Blixseth falls short of all of them.

Blixseth meets none of the specific circumstances that justify reconsideration under Rule 60(b)(1)–(5). Nor does he satisfy Rule 60(b)(6)'s

catchall provision because he fails to show that "extraordinary circumstances prevented [him] from taking timely action." United States v. Alpine Land & Reservoir Co., 984 F.2d 1047, 1049 (9th Cir. 1993). Even assuming that Blixseth didn't have standing to challenge the April 19, 2010 allowance order until the amended AP 14 judgment came down on September 7, 2010, he still waited over a year after that date to file the motion for reconsideration. And Blixseth's excuse for this delay—that the bankruptcy court lacked jurisdiction to address the allowance order while the AP 14 judgment was on appeal—is unavailing. The allowance order was independent of the AP 14 judgment, so it could have been reconsidered while the AP 14 appeal was pending. See Nat'l Ass'n of Home Builders v. Norton, 325 F.3d 1165, 1167 (9th Cir. 2003) ("As a general rule, '[o]nce a notice of appeal is filed, the district court is divested of jurisdiction over the matters being appealed.'") (emphasis added) (quoting Natural Res. Def. Council v. Sw. Marine, Inc., 242 F.3d 1163, 1166 (9th Cir. 2001)). Because Blixseth has produced no convincing explanation for this delay, the bankruptcy court didn't abuse its discretion when it denied Blixseth's motion for reconsideration.

**AFFIRMED.**