

# FILED

JUN 5 2020

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

**NOT FOR PUBLICATION**

## UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | BAP No. EC-19-1201-GLB |
| NATIONS FIRST CAPITAL, LLC, | Bk. No. 18-20668 |
| Debtor. | |
| NATIONS FIRST CAPITAL, LLC, | |
| Appellant, | |
| v. | **MEMORANDUM**[*] |
| JEAN G. DECEMBRE, DBA Ale Transportation, | |
| Appellee. | |

Argued and Submitted on May 21, 2020

Filed – June 5, 2020

Appeal from the United States Bankruptcy Court
for the Eastern District of California

---

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value. *See* 9th Cir. BAP Rule 8024-1.

Honorable Christopher M. Klein, Bankruptcy Judge, Presiding

———————

Appearances:    Paul J. Pascuzzi of Felderstein Fitzgerald Willoughby Pascuzzi & Rios LLP argued for Appellants; Noel C. Crowley of Crowley & Crowley argued for Appellees

———————

Before: GAN, LAFFERTY, and BRAND, Bankruptcy Judges.

## INTRODUCTION

Reorganized chapter 11[1] debtor Nations First Capital, LLC ("NFC") appeals an order from the bankruptcy court denying its motion for reconsideration of the court's decision to vacate its prior order disallowing the claim filed by Appellee Jean Decembre ("Decembre"). Decembre did not respond to NFC's claim objection and expressed his opposition for the first time at the hearing on NFC's motion for entry of a final decree. After briefing and a subsequent hearing, the bankruptcy court continued the hearing and requested briefing on the merits of the claim. The court ultimately determined that cause existed to reconsider its prior order

———————

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, all "Civil Rule" references are to the Federal Rules of Civil Procedure, and all "Local Bankruptcy Rule" references are to the United States Bankruptcy Court Eastern District of California, Local Rules of Practice, effective April 2018.

pursuant to Civil Rule 60(b)(6)[2], made applicable by Rule 9024, and entered an order setting aside the disallowance of the claim. The court then abstained from hearing the merits of the claim, which was pending in state court.

NFC filed a motion for reconsideration, which the court denied. NFC argues that the bankruptcy court abused its discretion by deciding that cause existed to reconsider the claim disallowance under Civil Rule 60(b)(6) and by determining that the claim was potentially meritorious under state law.

The bankruptcy court abused its discretion by determining that cause existed to reconsider the claim disallowance under Civil Rule 60(b)(6) despite finding that Decembre lacked a cogent excuse for failing to respond to the objection. Accordingly, we REVERSE.

**FACTS**

**A.  Prepetition Events**

In 2016, Decembre agreed to lease a 2008 Freightliner semi-truck from NFC for a term of 24 months. The lease provided Decembre with an option to purchase the truck at the end of the term. In 2017, Decembre was unable to make full payments as required by the lease and NFC repossessed the

---

[2] As explained more fully in the discussion section of this memorandum, when reconsidering the allowance or disallowance of a claim under § 502(j), cause is defined under Civil Rule 59 or 60.

truck. In November 2017, NFC advised Decembre that it sold the truck and he was liable for a deficiency balance of $22,991.49.

In January 2018, Decembre filed suit against NFC in the Superior Court of New Jersey seeking damages, and injunctive and declaratory relief. Decembre alleged that the lease violated the New Jersey Consumer Fraud Act, the New Jersey Criminal Usury Act, the New Jersey Consumer Protection Leasing Act, and the New Jersey "plain language" statute.

## B.    The Bankruptcy Case and the Claim Objection

In February 2018, NFC filed a chapter 11 petition. Decembre timely filed an unsecured claim in the amount of $388,000 and attached the verified complaint filed in the state court action. Decembre did not seek stay relief or object to NFC's chapter 11 plan. The court confirmed NFC's plan in August 2018.

NFC filed an objection to Decembre's claim in November 2018. NFC alleged that Decembre failed to provide a legal basis for his claim because the statutes cited in the complaint did not apply to the lease under New Jersey law, and Decembre provided no documentation to support the amount of the claim. NFC supported the objection with a declaration and exhibits, and filed a notice of hearing on its objection for January 9, 2019. NFC filed a certificate of service which stated that Decembre, and Decembre's attorney Noel Crowley ("Crowley"), were separately served by mail with the objection and the notice of hearing. NFC served Decembre's

4

attorney at the address provided in the proof of claim.

NFC also filed a notice of errata for the exhibits attached to the declaration in support of its objection and filed a second proof of service stating that the notice of errata was served separately by mail on Decembre and Crowley.

Decembre did not file a response to the objection and did not appear at the hearing on January 9, 2019. At the hearing, the bankruptcy court made findings of fact and conclusions of law on the record and entered an order sustaining NFC's objection without prejudice to reconsideration under § 502(j).

## C.  Reconsideration of the Claim Disallowance

On March 20, 2019, the bankruptcy court held a hearing on NFC's motion for a final decree. Crowley appeared on behalf of Decembre and requested that the court delay entry of the final decree in order to reconsider the disallowance of Decembre's claim. The bankruptcy court continued the hearing to April 17, 2019 to allow Decembre time to file a brief outlining its request for reconsideration. The court's minute entry stated that the deadline for Decembre to file a response was April 10, 2019.

On March 21, 2019, Decembre filed a Declaration of Noel C. Crowley in Opposition to Motion by the Reorganized Debtor for the Entry of a Final Decree. Crowley stated in the declaration that "to the best of my knowledge and belief, my office did not receive notice" of the hearing on

5

the claim objection.

On April 12, 2019, Decembre filed a second "Declaration of Noel C. Crowley in Support of Application To Restore The Claim of Jean G. Decembre" (the "April Declaration"). Crowley stated in the April Declaration that "I absolutely deny having seen the Debtor's Objection to Decembre's claim" before March 21, 2019. The April Declaration also includes argument that Decembre has a valid claim under New Jersey law.

NFC filed a reply and recounted that at the March 20, 2019 hearing, the court continued the hearing on the motion for final decree to allow Decembre to file a response. NFC argued that Decembre filed the April Declaration after the deadline set by the court, and nothing in the April Declaration warranted denial of the motion for final decree. NFC argued that to the extent that the April Declaration was intended to serve as a de facto motion for reconsideration, it should also fail because Decembre did not rebut the presumption of receipt of the objection and notice of hearing by both Decembre and Crowley. NFC argued that Decembre failed to establish cause for reconsideration because merely asserting or implying that counsel did not receive notice, without any assertion that Decembre did not receive notice, did not rise to the level of excusable neglect under Civil Rule 60(b)(1). NFC did not address the merits of the claim in its reply.

At the continued hearing on April 17, 2019, the bankruptcy court heard arguments regarding whether Decembre was properly served with

6

the objection and whether there was evidence to support mistake, inadvertence, or excusable neglect under Civil Rule 60(b). But, because NFC had not addressed the underlying merits of the Decembre claim, the bankruptcy court again continued the hearing to June 5, 2019 and requested that NFC address the merits.

NFC filed a brief regarding the merits of Decembre's claim and argued that although Decembre had not established cause to relitigate the merits, all of his claims for relief were contingent on whether the lease was a "true lease" under state law, or a disguised purchase financing transaction. NFC argued that the lease was a "fair market value commercial lease" and therefore exempt under the New Jersey statutes because the lease term was not for the useful life of the truck, Decembre was not obligated to purchase the truck at the end of the lease term, and the option price was defined in the lease as the fair market value of the equipment. NFC also argued that Decembre had not justified the $388,000 amount of the claim, and the deficiency owed by Decembre would exceed the maximum amount of damages Decembre could recover under the statutes. NFC filed a declaration from its portfolio manager which provided evidence in support of NFC's argument that the lease was a fair market value commercial lease.

Decembre replied and argued that the relevant New Jersey consumer protection statutes applied to products and equipment sold or leased for

7

business purposes, and that leases are included in the statutes unless they fall within the stated exemptions. Decembre argued that the lease was not exempt as a "fair market value commercial lease" because New Jersey case law required the lease to either state the option price or the method for ascertaining the option price, but NFC reserved the right to determine the option price without any mention in the lease of the method to be used.

## D. The Hearing and the Court's Order

At the continued hearing, the bankruptcy court stated that based on its analysis of relevant state law, it appeared that Decembre may have a meritorious case, but the question was how to best resolve the claim and in which forum. The bankruptcy court noted that if the lease was exempt from the statutes as a matter of law, the state court could make that determination and dismiss the case. The court then took the matter under advisement.

On June 13, 2019, the bankruptcy court entered an order granting reconsideration of the claim and abstaining under 28 U.S.C. § 1334(c)(1). The court held that reconsideration was appropriate to allow the issues to be decided on the merits, and that the state court was better suited to decide the claims and defenses which were mixed questions of state law and fact.

The bankruptcy court stated that a motion for reconsideration under § 502(j) is evaluated under the same criteria as a motion under Civil Rule

60(b), and that the strong federal policy favoring determination of disputes on their merits and Decembre's potential meritorious defense to the objection, were sufficient to satisfy Civil Rule 60(b)(6), "notwithstanding the lack of a cogent excuse for not having responded to the Objection in the first place." *Order*, June 13, 2019, 4:10-11.

### E. NFC's Motion to Reconsider

NFC filed a motion for reconsideration and argued that the court committed clear error by finding cause under Civil Rule 60(b)(6) after acknowledging that the standard under Civil Rule 60(b)(1) was not met. Additionally, NFC argued that the court erred by looking to the merits of the underlying claim as part of its analysis in determining cause for reconsideration, contrary to the holding of *United Student Funds, Inc. v. Wylie (In re Wylie)*, 349 B.R. 204 (9th Cir. BAP 2006). Finally, NFC argued that the court erred by determining that factual issues precluded a ruling that the Decembre claim fails as a matter of law.

Decembre opposed the motion and argued that the bankruptcy court appropriately looked to Civil Rule 60(b)(6). Decembre argued that the court was not required to analyze excusable neglect because Crowley was not to blame for failing to read a document that was not available to be read. Decembre suggested that cause to reconsider might also be found in Civil Rule 60(b)(3) for fraud based on the language in the lease. He attempted to distinguish *Wylie* on the basis that the creditor in that case admitted that it

9

received the objection but failed to respond, whereas Crowley testified he did not see the objection. Finally, he reiterated that the claims were meritorious.

At the hearing on the motion for reconsideration, the bankruptcy court stated that the purpose of reconsideration under § 502(j) and Civil Rule 60(b) is to allow the court discretion to take another look at summary decisions which may have been made without appropriate conversation. The court acknowledged that the catch-all provision in Civil Rule 60(b)(6) has limitations but that the court had discretion to reconsider where questions of state law and interests of comity were present. The court denied the motion and entered an order on July 31, 2019. NFC timely appealed.[3]

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(B). We have jurisdiction under 28 U.S.C. § 158.

## ISSUES

Did the bankruptcy court abuse its discretion by vacating its prior order disallowing Decembre's claim?

---

[3] The notice of appeal refers only to the order denying NFC's motion for reconsideration, but an appeal of an order denying a motion for reconsideration is sufficient to bring up the merits of both the underlying order and the motion for reconsideration if the reconsideration motion was filed within fourteen days of the entry of the underlying order. *See Watson v. Shandell (In re Watson)*, 192 B.R. 739, 742 n.3 (9th Cir. BAP 1996), *aff'd*, 116 F.3d 488 (9th Cir. 1997).

Did the bankruptcy court abuse its discretion by denying NFC's motion for reconsideration?

## STANDARD OF REVIEW

We review the bankruptcy court's decision to reconsider the disallowance of Decembre's claim under § 502(j) for abuse of discretion. *Ashford v. Consol. Pioneer Mortg. (In re Consol. Pioneer Mortg.)*, 178 B.R. 222, 225 (9th Cir. BAP 1995). We also review for an abuse of discretion the bankruptcy court's ruling on NFC's motion for reconsideration. *Dicker v. Dye (In re Edelman)*, 237 B.R. 146, 150 (9th Cir. BAP 1999).

A bankruptcy court abuses its discretion if it applies the wrong legal standard, or misapplies the correct legal standard, or if it makes factual findings that are illogical, implausible, or without support in inferences that may be drawn from the facts in the record. *See TrafficSchool.com, Inc. v. Edriver Inc.*, 653 F.3d 820, 832 (9th Cir. 2011) (citing *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc)).

## DISCUSSION

NFC argues that the bankruptcy court abused its discretion by: (1) finding cause to reconsider under Civil Rule 60(b)(6) despite factual circumstances which invoked, but did not satisfy, Civil Rule 60(b)(1); and (2) deciding that it could not definitively determine that the lease was exempt from the state statutes cited in Decembre's complaint.

Section 502(j) allows a bankruptcy court to reconsider an order

disallowing a claim for cause, and allow or disallow the reconsidered claim according to the equities of the case. This section is implemented by Rule 3008, which states "[a] party in interest may move for reconsideration of an order allowing or disallowing a claim against the estate. The court after a hearing on notice shall enter an appropriate order." However, neither § 502(j) nor Rule 3008 define the standard for "cause."

We have held that when a request to reconsider a claim disallowance is made within the time to appeal the order, "cause" to reconsider is governed by Rule 9023. *Wall St. Plaza, LLC v. JSJF Corp. (In re JSJF Corp.),* 344 B.R. 94, 103 (9th Cir. BAP 2006), *aff'd*, 277 F. App'x 718 (9th Cir. 2008). When, as here, the request is made after the time to appeal has expired, it is subject to the constraints of Rule 9024. *In re Wylie*, 349 B.R. at 209; *S.G. Wilson Co. v. Cleanmaster Indus., Inc. (In re Cleanmaster Indus. Inc)*, 106 B.R. 628, 630 (9th Cir. BAP 1989); *see also Blixseth v. Glasser (In re Yellowstone Mountain Club, LLC)*, 593 F. App'x 643 (9th Cir. 2015) ("Bankruptcy Rule 9024 says that Federal Rule of Civil Procedure 60 applies to bankruptcy proceedings. Rule 9024 makes no exception for motions made under 11 U.S.C. § 502(j) to reconsider contested orders allowing claims against the estate."). Therefore, the applicable standards for cause to reconsider Decembre's claim under § 502(j) are the grounds for relief enumerated in Civil Rule 60(b).

Rule 3008 and § 502(j) essentially provide for a two-step analysis.

12

First the bankruptcy court must determine if cause exists to reconsider the claim, and second, the court may enter an appropriate order based on the equities of the case. "While Rule 3008 permits an order disallowing a claim to be reconsidered, the merits of the claim objection are no longer fair game unless the claimant first establishes a good excuse, cognizable under [Civil Rule] 60(b), for its failure to timely contest the objection." *In re Wylie*, 349 B.R. at 210.

Here, Decembre raised the issue of reconsideration approximately 60 days after the order on the claim objection and the bankruptcy court properly evaluated cause under Civil Rule 60(b).[4] Under Civil Rule 60(b), the bankruptcy court can relieve a party from a final order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to

---

[4] NFC argues that Decembre failed to file or notice a motion as contemplated by Rule 3008. However, the bankruptcy court has authority to act on its own motion to reconsider claims. *See Simpson v. Deutsche Bank Nat'l Tr. Co. (In re Simpson)*, No. CC-12-1445, 2013 WL 2350967 at *5 (9th Cir. BAP May 29, 2013) (citing *Kirwan v. Vanderwerf (In re Kirwan)*, 164 F.3d 1175, 1177 (8th Cir. 1999)). A bankruptcy court acting sua sponte must still find cause under § 502(j). To preserve the finality of orders allowing or disallowing claims, the court must find cause under either Rule 9023 or Rule 9024 whether a party in interest files a motion or the court moves sua sponte. *See e.g., In re Kirwan*, 164 F.3d at 1177; *Kraemer v. FS P'ship (In re Doorman Prop. Maint.)*, No. NC-17-1233-TaFB, 2018 WL 3041128 (9th Cir. BAP June 19, 2018); *In re Wylie*, 349 B.R. at 210.

move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

## A.    Decembre Did Not Establish Excusable Neglect

Decembre's reason for failing to respond to the objection is that Crowley did not see the objection or notice of hearing. NFC filed its certificate of service which stated, under penalty of perjury, that the objection, notice of hearing, and exhibits were served by first class mail on Decembre, and on Crowley at the address listed on the proof of claim. The record does not indicate that the documents were returned as undeliverable or unclaimed.

Mail that is properly stamped, addressed, and deposited is presumed to be received by the addressee. *Moody v. Bucknum (In re Bucknum)*, 951 F.2d 204, 207 (9th Cir. 1991). The movant can rebut this presumption with clear and convincing evidence. *Id.* But, the movant must provide something

14

more than a declaration alleging non-receipt. *Herndon v. De la Cruz (In re De la Cruz)*, 176 B.R. 19, 22 (9th Cir. BAP 1994).

Decembre does not dispute that NFC mailed the notice. He also does not dispute that he personally, or Crowley's office, received the objection and notice of hearing. He only states that Crowley did not see the documents. This is insufficient to rebut the presumption that Decembre and his attorney received notice.

The bankruptcy court heard arguments regarding whether there was evidence in support of mistake, inadvertence, or excusable neglect and determined that Decembre lacked a cogent excuse for failing to respond. The record supports this finding and we discern no error here.

**B.** **The Bankruptcy Court Abused Its Discretion By Finding Cause to Reconsider Under Civil Rule 60(b)(6)**

Notwithstanding Decembre's lack of a cogent excuse, the bankruptcy court determined that it had discretion to set aside the disallowance under Civil Rule 60(b)(6) based on the policy of deciding cases on their merits, and the potential meritorious defense argued by Decembre.

Civil Rule 60(b)(6) should be applied "sparingly as an equitable remedy to prevent manifest injustice . . . [and] only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993). A party seeking relief under Civil Rule

15

60(b)(6) must show extraordinary circumstances that demonstrate it is faultless in the delay. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Lts. P'ship*, 507 U.S. 380, 393 (1993).

Clauses (1) through (6) of Civil Rule 60 are mutually exclusive. *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864 n.11 (1988). Therefore, Civil Rule 60(b)(6) applies "only when the reason for granting relief is not covered by any of the other reasons set forth in [Civil] Rule 60." *Delay v. Gordon*, 475 F.3d 1039, 1044 (9th Cir. 2007).

Neither the policy of adjudicating cases on their merits, nor Decembre's potential meritorious claim are sufficient to constitute extraordinary circumstances under Civil Rule 60(b)(6) where Decembre has not demonstrated that he was faultless in the delay.

In the context of a motion for relief from a default order, the Ninth Circuit has instructed courts to consider: (1) whether the non-movant will be prejudiced; (2) whether the movant has a meritorious defense; and (3) whether culpable conduct of the movant led to the default. *Cassidy v. Tenorio*, 856 F.2d 1412, 1415 (9th Cir. 1988). "This tripartite test is disjunctive." *Id.* A movant's failure to demonstrate any one of the factors is justification to deny relief under Civil Rule 60(b). *Id.*

Although the "policy favoring deciding cases on the merits means that 'the finality interest should give way fairly readily' to the merits," the movant must first show that his conduct was not culpable in prompting the

default. *Morris v. Peralta (In re Peralta)*, 317 B.R. 381, 388 (9th Cir. BAP 2004) (quoting *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001), *overruled on other grounds by Egelhoff v. Egelhoff*, 532 U.S. 141 (2001)); *See Cassidy*, 856 F.2d at 1415. A defendant's "culpability" is construed to be consistent with the Supreme Court's definition of "excusable neglect." *TCI*, 244 F.3d at 696.

Decembre has not shown extraordinary circumstances that demonstrate he was faultless in the delay. The strong federal policy of deciding cases on the merits does not override the interest in finality unless the reason for failing to respond is excusable or not otherwise chargeable to the movant. The bankruptcy court determined that Decembre lacked a viable excuse for not responding.

Furthermore, disallowance of a claim under § 502(b)(1) necessarily requires the court to evaluate the merits of the claim. Once filed, a proof of claim is entitled to prima facie validity. Rule 3001(f). The filing of a claim objection initiates a contested matter under Rule 9014 which must be resolved after notice and opportunity for hearing. *Lundell v. Anchor Const. Specialists, Inc.*, 223 F.3d 1035, 1039 (9th Cir. 2000). To defeat a claim, the objector "must come forward with sufficient evidence and 'show facts tending to defeat the claim by probative force equal to that of the allegations of the proof of claim themselves.'" *Id.* (quoting *Wright v. Holm (In re Holm)*, 931 F.2d 620, 623 (9th Cir. 1991)).

17

A mere formal objection without evidence is not sufficient to overcome a proof of claim. *In re Holm*, 931 F.2d at 623; *see also* Local Bankruptcy Rule 3007-1 ("the objection shall be accompanied by evidence establishing its factual allegations and demonstrating that the proof of claim should be disallowed. A mere assertion that the proof of claim is not valid or that the debt is not owed is not sufficient to overcome the presumptive validity of the proof of claim."). If the objecting party fails to present sufficient evidence to rebut the presumption of validity, "the claims litigation ends there; the claim should be allowed without the claimant bearing any further burden to demonstrate the validity of its claim." *Bayview Loan Servicing, LLC v. Donnan (In re Donnan)* No. EC-18-1106-BSL, 2019 WL 1922843, *3 (9th Cir. BAP Apr. 29, 2019).

Pursuant to § 502(b)(1), the bankruptcy court must evaluate the substance of the claim to determine whether the evidence shows that it is valid under state law. *See Durkin v. Benedor Corp. (In re G.I. Indus., Inc.)*, 204 F.3d 1276, 1281 (9th Cir. 2000). The bankruptcy court could not have sustained the objection merely because Decembre failed to respond. It was required to evaluate the evidence submitted by NFC in support of the objection and allow or disallow the claim based on the substance of the claim. This is necessarily a determination on the merits. *See Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 501-02 (2001) ("an 'on the merits' adjudication is one that actually 'pass[es] directly on the substance of [a

18

particular] claim' before the court.") (alterations in original) (citations omitted). Therefore, the bankruptcy court decided the claim on the merits at the initial disallowance. While reconsideration is possible, cause to do so does not include a desire to relitigate the merits.

Similarly, whether Decembre had a potential meritorious defense is not an extraordinary circumstance sufficient to warrant relief under Civil Rule 60(b)(6) unless Decembre's failure to respond to the objection was excusable. While the lack of a meritorious defense can alone justify denial of a Civil Rule 60(b) motion, a meritorious case is not sufficient to justify granting relief unless the movant also demonstrates a lack of culpable conduct. *See TCI,* 244 F.3d at 697; *In re Wylie*, 349 B.R. at 210.

The bankruptcy court cited *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1172 (9th Cir. 2002) for the proposition that "[Civil] Rule 60(b)(6) may often constitute the only mechanism for affording . . . the opportunity to present [a] case on the merits." *Order*, June 13, 2019, 4:4-6. *Tani* involved "extraordinary circumstances" under Civil Rule 60(b)(6) based on the gross negligence of the party's counsel. *Id.* The Ninth Circuit drew a line between "gross negligence—which is not chargeable to the client—and 'ordinary' negligence or neglect—which is." *Id.* at 1170. The Circuit held that errors made due to the "mere neglect" of a party or its counsel are encompassed within Civil Rule 60(b)(1) whereas Civil Rule 60(b)(6) encompasses "errors or actions beyond the petitioner's control." *Id.* at 1170, n. 11. There is

nothing in the record to indicate that Crowley's failure to see the objection and file a response was "gross negligence" or otherwise beyond his control.

Decembre suggests that we can alternatively affirm the bankruptcy court's finding of cause under Civil Rule 60(b)(3) because of "incoherent" language in the lease. However, to prevail under Civil Rule 60(b)(3) the movant "must establish that a judgment was obtained by fraud, misrepresentation, or misconduct, and that the conduct complained of prevented the moving party from fully and fairly presenting the case." *In re M/V Peacock*, 809 F.2d 1403, 1404-05 (9th Cir. 1987). Any alleged fraud or misrepresentation in the lease itself cannot support cause under Civil Rule 60(b)(3).

Decembre's proffered excuse for failing to respond to the objection is properly analyzed under Civil Rule 60(b)(1). Decembre failed to demonstrate excusable neglect under Civil Rule 60(b)(1) and the bankruptcy court abused its discretion by finding cause to reconsider the claim disallowance under Civil Rule 60(b)(6).

## CONCLUSION

For the reasons set forth above, we REVERSE the bankruptcy court's order granting reconsideration of the Decembre claim disallowance.