**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| WARREN K. IOPA, Claimant,<br>*Petitioner*,<br><br>v.<br><br>SALTCHUK-YOUNG BROTHERS, LIMITED, Employer; SIGNAL MUTUAL INDEMNITY ASSOCIATION, LTD., Carrier; DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAM,<br>*Respondents*. | No. 17-70415<br><br>BRB No.<br>16-0232<br><br><br>OPINION |

On Petition for Review of an Order of the
Benefits Review Board

Submitted February 15, 2019*
Honolulu, Hawaii

Filed March 4, 2019

Before: Richard C. Tallman, Jay S. Bybee,
and N. Randy Smith, Circuit Judges.

Per Curiam Opinion

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

## SUMMARY[**]

### Longshore Act / Attorneys' Fees

The panel affirmed a decision by the Benefits Review Board upholding an administrative law judge's decision striking, as untimely, a petition for payment of a claimant's attorneys' fees under the Longshore and Harbor Workers' Compensation Act.

Following claimant's successful litigation of claims for temporary disability benefits under the Longshore Act, the ALJ held that he was entitled to reasonable fees and costs. Claimant's counsel filed a fee petition for work done before the Office of Workers' Compensation Programs, and subsequently filed a corrected petition with the Office of ALJs. The ALJ struck the first petition as improperly filed and dismissed the second petition as untimely.

The panel held that the ALJ properly used the excusable neglect standard in evaluating the circumstances for the untimely fee petition. The panel also held that the ALJ properly applied the four-factor test in *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 378 (1993), in finding that there was no excusable neglect.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Jay L. Friedheim, Honolulu, Hawaii; Lara D. Merrigan, Merrigan Legal, San Rafael, California; for Petitioner.

Normand R. Lezy, Cox Wooton Lerner Griffin & Hansen LLP, for Respondents Young Brothers Limited and Signal Mutual Indemnity Association Ltd.

Kathleen H. Kim, Office of the Solicitor, United States Department of Labor, Washington, D.C., for Respondent Director, Office of Workers' Compensation Program.

---

**OPINION**

PER CURIAM:

Petitioner Warren Iopa appeals the United States Department of Labor's Benefits Review Board's ("BRB") order affirming an Administrative Law Judge's ("ALJ") decision striking as untimely a petition for payment of his attorney's fees under the Longshore and Harbor Workers' Compensation Act ("Longshore Act"), 33 U.S.C. §§ 901–50, filed more than nine months past the ALJ-ordered deadline. We now consider for the first time in our circuit whether striking an untimely petition for attorney's fees under the Longshore Act is proper only given extreme circumstances, or whether excusable neglect is the proper standard by which to evaluate such petitions. We hold that the excusable neglect analysis is proper and affirm the BRB's decision to uphold the ALJ's dismissal order.

# I

Following Iopa's successful litigation of claims for temporary disability benefits under the Longshore Act, the ALJ held that he was entitled to reasonable attorney's fees and costs, and that a fee petition had to be filed within 21 days of the award order entered July 31, 2014. *See* 20 C.F.R. § 702.132(a). On June 8, 2015, Iopa's counsel instead improperly filed a fee petition for work done before the Office of Workers' Compensation Programs ("OWCP"). At the request of the ALJ's office, counsel filed a corrected petition with the Office of Administrative Law Judges ("OALJ") on October 27, 2015. The ALJ then issued an order striking the first petition due to his lack of authority to award attorney's fees for work done before the OWCP, and striking the second petition based on a finding of untimeliness without excusable neglect.

# II

We have jurisdiction under 33 U.S.C. § 921(c). We review BRB decisions under the Longshore Act "for errors of law and for adherence to the substantial evidence standard." *Gen. Const. Co. v. Castro*, 401 F.3d 963, 965 (9th Cir. 2005) (quoting *Alcala v. Dir., OWCP*, 141 F.3d 942, 944 (9th Cir. 1998)). We conduct de novo review on questions of law, including questions of statutory interpretation, under the Longshore Act. *See Pedroza v. BRB*, 624 F.3d 926, 930 (9th Cir. 2010). "Because the [BRB] is not a policymaking entity, we accord no special deference to its interpretation of the Longshore Act." *Price v. Stevedoring Servs. of Am., Inc.*, 697 F.3d 820, 825 (9th Cir. 2012).

### III

Iopa's counsel argues that the ALJ did not apply the proper standard in evaluating the circumstances for the untimely fee petition and, alternatively, even if the proper standard was applied, substantial evidence does not support the ALJ's decision to strike fees.

### A

Iopa asserts that Longshore Act fee petitions are subject to the relatively lenient standard adopted by the BRB in 1986: "The loss of an attorney's fee is a harsh result and should not be imposed on counsel as a penalty except in the most extreme circumstances." *Paynter v. Dir., OWCP*, 9 Black Lung Rep. (Juris) 1-190, at *1 (Ben. Rev. Bd. 1986). In 2015, however, the Rules of Practice and Procedure for Administrative Hearings Before the OALJ were revised to include, inter alia, the following provision: "When an act may or must be done within a specified time, the judge may, for good cause, extend the time . . . [o]n motion made after the time has expired if the party failed to act because of *excusable neglect*." 29 C.F.R. § 18.32(b)(2) (emphasis added). This rule applies to claims brought before an ALJ in the Department of Labor, including Longshore Act claims. *See id.* § 18.10(a). While *Paynter* may have previously served as the primary guide in determining whether to strike a fee petition, the 2015 revision of the Rules of Practice and Procedure for Hearings Before the OALJ requiring a showing of "excusable neglect" for untimely claims cannot be ignored. *See id.* § 18.32(b)(2).

In determining whether circumstances constitute excusable neglect, the Supreme Court set forth the following four-factor test in *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*: "the danger of

prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." 507 U.S. 380, 395 (1993). We and our sister circuits have adopted the Supreme Court's four-factor test. *See Pincay v. Andrews*, 389 F.3d 853, 855–60 (9th Cir. 2004) (weighing *Pioneer* factors in untimely filing of notice of appeal under Federal Rule of Appellate Procedure 4(a)(1)(A)); *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381–82 (9th Cir. 1997) (adopting the *Pioneer* test in evaluating motions for relief under Federal Rule of Civil Procedure 60(b)(1)); *In re O'Brien Envtl. Energy, Inc.*, 188 F.3d 116, 125 n.7 (3d Cir. 1999) (recognizing *Pioneer* as providing "guidance not just with regard to [bankruptcy] Rule 9006, but in other . . . non-bankruptcy contexts discussing the issue of excusable neglect"); *Pratt v. Philbrook*, 109 F.3d 18, 19 (1st Cir. 1997) (explaining that "the *Pioneer* test for 'excusable neglect' was intended to extend beyond the bankruptcy context"). We hold that applying the *Pioneer* factors to the instant case is appropriate and consistent with post-*Pioneer* case law analyzing "excusable neglect" in various regulatory contexts. The ALJ did not, therefore, commit an error of law by applying an improper standard.

## B

The ALJ's four-factor *Pioneer* analysis and subsequent conclusion that Iopa's counsel did not establish excusable neglect was supported by substantial evidence. The ALJ found that the first factor—prejudice—weighed against a finding of excusable neglect. The ALJ determined that Respondents demonstrated they would be prejudiced by the delayed filing, because their "memory of the details of the case" and ability "to recall each back and forth between the

parties for the purpose of contesting the validity or amount of time claimed for a given line item" was affected by the substantial delay. A reasonable factfinder would not be compelled to disagree with this analysis and finding.

The ALJ found that the second factor—the length of delay—weighed strongly against a finding of excusable neglect, because the delay was substantial. That finding is supported by the fact that the petition was filed approximately 280 days past the established deadline of 21 days. The fact that Iopa's lawyer waited another month to correct his petition after being instructed by the ALJ to file the proper petition with the OALJ instead of the OWCP further supports this finding.

The ALJ also found that the third factor—the reasons for delay—weighed against a finding of excusable neglect. The ALJ's determination that "none of [the reasons for delay] are convincing or persuasive" or were beyond the control of counsel is supported by case law. Although Iopa's counsel noted several challenges in managing his caseload, particularly following the departure of the associate who managed this case, the Supreme Court has held that "we give little weight to the fact that counsel was experiencing upheaval in his law practice." *Pioneer*, 507 U.S. at 398; *see also In re Enron Corp.*, 419 F.3d 115, 126–27 (2d Cir. 2005) (holding a party being too busy with negotiations was not excusable neglect); *In re Harlow Fay, Inc.*, 993 F.2d 1351, 1352 (8th Cir. 1993) (holding counsel's relocation to a different state and reduction in staff was not excusable neglect); c*f. Selph v. Council of L.A.*, 593 F.2d 881, 884 (9th Cir. 1979) (explaining that "excusable neglect is not meant to cover the usual excuse that the lawyer is too busy, which can be used, perhaps truthfully, in almost every case") (citation omitted).

The ALJ found that the fourth factor—good faith—had no weight in this case. Even if the ALJ had found that counsel acted in good faith, that factor does not require a finding of excusable neglect when weighed against the other three factors. *See In re Veritas Software Corp. Sec. Litig.*, 496 F.3d 962, 973 (9th Cir. 2007) (affirming the district court's denial of a fee application as untimely where two factors favored a finding of excusable neglect, stating that an excusable neglect determination is "committed to the discretion of the district court" and "[w]hile the district court would not have abused its discretion in granting [the] fee application, it did not abuse its discretion in denying it"). We affirm the BRB's decision upholding the ALJ's finding of untimeliness absent excusable neglect.

**AFFIRMED.**