**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re:  NATIONS FIRST CAPITAL, LLC, | No.    20-60037 |
| Debtor, | BAP No. 19-1201 |
| ------------------------------ | |
| JEAN G. DECEMBRE, DBA Ale Transportation, | MEMORANDUM* |
| Appellant, | |
| v. | |
| NATIONS FIRST CAPITAL, LLC, | |
| Appellee. | |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Gan, Lafferty III, and Brand, Bankruptcy Judges, Presiding

Submitted May 11, 2021**
San Francisco, California

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: THOMAS, Chief Judge, MILLER, Circuit Judge, and RESTANI,*** Judge.

Jean Decembre appeals from a decision by the Bankruptcy Appellate Panel ("BAP") reversing the bankruptcy court's vacatur of an order disallowing Decembre's claim against debtor Nations First Capital ("NFC"). We have jurisdiction under 28 U.S.C. § 158(d)(1), and we affirm.

I

We review the BAP's decision de novo and may affirm "on any ground supported by the record." *Cal. Franchise Tax Bd. v. Kendall (In re Jones)*, 657 F.3d 921, 924 (9th Cir. 2011) (citation omitted). "[A]pply[ing] the same standard of review that the BAP applied to the bankruptcy court's ruling," *Brace v. Speier (In re Brace)*, 979 F.3d 1228, 1232 (9th Cir. 2020), we ask whether the bankruptcy court abused its discretion when it denied Decembre relief under Federal Rule of Civil Procedure ("Rule") 60(b)(1), but granted him relief under Rule 60(b)(6). *See Phillips v. Gilman (In re Gilman)*, 887 F.3d 956, 963 (9th Cir. 2018) (reviewing bankruptcy court's order granting Rule 60(b) relief for an abuse of discretion). The bankruptcy court abuses its discretion if it does "not identify the correct legal rule." *USAA Fed. Sav. Bank v. Thacker (In re Taylor)*, 599 F.3d 880, 887–88 (9th

---

*** The Honorable Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

Cir. 2010). We accept the bankruptcy court's factual findings "unless [they] leave the definite and firm conviction that a mistake has been committed." *Khan v. Barton (In re Khan)*, 846 F.3d 1058, 1063 (9th Cir. 2017); *see also United Student Funds, Inc. v. Wylie (In re Wylie)*, 349 B.R. 204, 211 (B.A.P. 9th Cir. 2006) ("The bankruptcy court's factual findings regarding service of process and other documents are reviewed for clear error.").

II

The BAP properly held that the bankruptcy court properly declined to grant Decembre relief from the order disallowing his claim ("Disallowance Order") under Rule 60(b)(1), but erred in granting him relief from that order under Rule 60(b)(6). *See* 11 U.S.C. § 502(j) ("A claim that has been allowed or disallowed may be reconsidered for cause."); Fed. R. Bankr. P. 9024 (providing that Rule 60 applies to motions for relief from a judgment or order in a bankruptcy case); *see also Wylie*, 349 B.R. at 209 (explaining that motions for reconsideration of a claim disallowance filed "after the 10-day appeal period has expired" are "subject to the constraints of [Rule] 60(b) as incorporated by [Bankruptcy] Rule 9024").

A

The bankruptcy court properly declined to conclude that Decembre's failure to timely respond to NFC's claim objection resulted from "excusable neglect" within the meaning of Rule 60(b)(1). *See* Fed. R. Civ. P. 60(b)(1) (permitting a court to relieve a party from an order upon a showing of "mistake, inadvertence, surprise, or excusable neglect"). Decembre has not demonstrated that any of the following factors favor Rule 60(b)(1) relief on the basis of excusable neglect: "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Iopa v. Saltchuk-Young Brothers, Ltd.*, 916 F.3d 1298, 1301 (9th Cir. 2019) (per curiam) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

The length of the delay between entry of the Disallowance Order and Decembre's request for relief from that order—roughly two months—was substantial. *See Harvest v. Castro*, 531 F.3d 737, 747 (9th Cir. 2008) (concluding that 64-day delay was "substantial" and cut against granting Rule 60(b)(1) relief). Additionally, the explanation that Decembre's counsel provided for the delay does not demonstrate a genuine, good faith mistake. The proof of service for the

4

objection and notice of hearing reflects that NFC properly mailed those documents to counsel's law firm (consistent with Decembre's request in his proof of claim) *and* Decembre's personal address.[1]  Counsel's bare assertions that he did not see and "doubts that his office received" this mail do not overcome the presumption of receipt.  *See Moody v. Bucknum (In re Bucknum)*, 951 F.2d 204, 207 (9th Cir. 1991) (per curiam).  Although counsel may have been unaware of the claim objection because of garden-variety negligence on his or his staff's part, there is no explanation to that effect in the record.  Decembre has also failed to explain how the prejudice factor favors a finding of excusable neglect.  *See Iopa*, 916 F.3d at 1301.

The BAP properly concluded that the bankruptcy court properly denied Rule 60(b)(1) relief.  *Compare Tracht Gut, LLC  v. Los Angeles Cnty. Treasurer & Tax Collector (In re Tracht Gut, LLC)*, 836 F.3d 1146, 1155 (9th Cir. 2016) (affirming denial of Rule 60(b)(1) relief where the movant failed "to identify any instance of neglect that was excusable") *with Gilman*, 887 F.3d at 963–64 (affirming grant of Rule 60(b)(1) relief where counsel explained that she failed to respond to an

---

[1]On appeal, Decembre takes issue with the fact that NFC addressed the mail to "Jean G. Decembre c/o Crowley & Crowley," rather than to Crowley himself. NFC addressed the mail in the manner that Decembre requested in his proof of claim.  In any event, because Decembre did not raise this issue below, we need not consider it.  *See Hillis v. Heineman*, 626 F.3d 1014, 1019 (9th Cir. 2010).

objection "because of a calendaring error," "her secretary's disability," and the fact that she had "too many balls in the air").

B

The BAP did not err in holding that the bankruptcy court should have declined to vacate the Disallowance Order under Rule 60(b)(6). Under that catch-all provision, a court may relieve a party from an order for "any other reason that justifies relief," Fed. R. Civ. P. 60(b)(6), but only "to prevent manifest injustice" and "only where extraordinary circumstances prevented a party from taking timely action." *Zurich Am. Ins. Co. v. Int'l Fibercom, Inc. (In re Int'l Fibercom, Inc.)*, 503 F.3d 933, 941 (9th Cir. 2007) (quoting *United States v. Washington*, 394 F.3d 1152, 1157 (9th Cir. 2005)); *see also Delay v. Gordon*, 475 F.3d 1039, 1044 (9th Cir. 2007) (Rule 60(b)(6) "applies only when the reason for granting relief is not covered by any of the other reasons set forth in Rule 60."). Decembre did not demonstrate such circumstances. The bankruptcy court improperly granted relief on the sole ground that Decembre had a "potential meritorious defense" to NFC's claim objection. *See United States v. Signed Pers. Check No. 730 of Yurban S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (explaining that a court "must consider three factors," any of which, if met, is alone "sufficient reason for the district court to refuse to set aside the default" (quotation marks omitted)).

6

**AFFIRMED.**