NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 2 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NATIONAL STEEL AND SHIPBUILDING COMPANY,<br><br>Petitioner,<br><br>v.<br><br>DIRECTOR, OFFICE OF WORKER'S COMPENSATION PROGRAMS; EUGENIO RODRIGUEZ,<br><br>Respondents. | No. 23-2865<br>Agency No. BRB No. 23-0350<br>Benefits Review Board<br><br>MEMORANDUM* |
| NATIONAL STEEL AND SHIPBUILDING COMPANY,<br><br>Petitioner,<br><br>v.<br><br>DIRECTOR, OFFICE OF WORKER'S COMPENSATION PROGRAMS; EUGENIO RODRIGUEZ,<br><br>Respondents. | No. 24-6822<br>Agency No. BRB No. 23-0350<br>Benefits Review Board |

On Petition for Review of an Order of the
Benefits Review Board

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Argued and Submitted September 16, 2025
Pasadena, California

Before: BYBEE, IKUTA, and LEE, Circuit Judges.
Dissent by Judge BYBEE.

National Steel and Shipbuilding Company (NASSCO) seeks review of the Benefits Review Board's (BRB) decisions affirming the award of attorney's fees to counsel for Eugenio Rodriguez, a former NASSCO employee who had suffered knee injuries.

We review BRB decisions for errors of law and for adherence to the substantial evidence standard. *Seachris v. Brady-Hamilton Stevedore Co.*, 994 F.3d 1066, 1076 (9th Cir. 2021). We apply de novo review to questions of law. *Iopa v. Saltchuk-Young Bros., Ltd.*, 916 F.3d 1298, 1300 (9th Cir. 2019). We have jurisdiction under 33 U.S.C. § 921(c), grant NASSCO's petitions for review, and remand to the BRB for further proceedings.

In August 2009, Rodriguez suffered injuries to both knees from cumulative trauma he received while working for NASSCO. In 2011, at Rodriguez's request, NASSCO voluntarily accepted liability for the 2009 injuries, agreeing to pay him $56,721.60 for permanent partial disability and to provide future medical services as required by 33 U.S.C. § 907(a).

Then in September 2015, Rodriguez filed another claim for "new" injuries he allegedly sustained to both knees in July 2013. This time, NASSCO contested the

claim, arguing Rodriguez's "new" injuries derive from the 2009 injuries for which NASSCO had already compensated Rodriguez. An Administrative Law Judge (ALJ) denied Rodriguez's claim for his 2013 injury, concluding Rodriguez's left-knee injury was not work-related.

On appeal, the BRB affirmed the ALJ's determination that Rodriguez's 2013 injury was not work-related. But the BRB construed Rodriguez's claim as asking for "modification" of NASSCO's compensation for the 2009 injuries and remanded for the ALJ to decide whether Rodriguez was entitled to additional benefits under this modification theory.

The parties ultimately entered into a "global" settlement resolving both (1) the pending modification claim for the 2009 injury that the BRB had remanded to the ALJ and (2) the claim for 2013 injury that the BRB rejected but that could have been appealed to this court. NASSCO agreed to pay Rodriguez $50,000 and cover future medical treatment for the 2009 bilateral knee injuries. The settlement did not apportion the $50,000 amount between the two claims. After settlement, Rodriguez sought attorney's fees under the fee shifting provision of 33 U.S.C. § 928, requesting a total of $145,499.07 in fees and costs for both the 2009 and 2013 injury claims— $114,041.07 for counsel's work before the ALJ, and $31,458 for work on appeal.

NASSCO contested the petitions, arguing that the fees must be reduced because Rodriguez only achieved partial success. NASSCO noted that Rodriguez's

2013 injury claim failed at trial and on appeal before the BRB, and that the modification for the 2009 injury claim was never litigated before the ALJ. The BRB, however, affirmed the ALJ's award of full attorney's fees, and stated that Rodriguez's counsel secured an "excellent result" overall.

We hold that the BRB erred by aggregating counsel's work on both claims without clarifying how it apportioned the attorney's fees between the two claims. When a party seeks attorney's fees under a fee shifting statute following prosecution of multiple legal claims, the Supreme Court's decision in *Hensley v. Eckerhart* requires the adjudicator to consider "the extent of a plaintiff's success" on each claim when determining what constitutes a "reasonable" fee award for counsel's services. 461 U.S. 424, 439-40 (1983). If a party achieves only "partial or limited success," the adjudicator should "reduce the award to account for the limited success." *Id.* at 435-37. "[N]o fee may be awarded for services on [an] unsuccessful claim," unless the claims are so intertwined that the "lawsuit cannot be viewed as a series of discrete claims." *Id.* at 435.

Further, the fee-shifting statute here has two separate provisions that treat fee requests differently depending on whether, among other things, the employer initially declined to pay compensation to the claim. *Compare* 33 U.S.C. § 928(a) (if employer declines to pay and employee prevails, a "reasonable attorney's fee" shall be awarded), *with* § 928(b) (if employee is awarded amount greater than the amount

paid or offered by employer, "a reasonable attorney's fee based solely upon the difference between the amount awarded and the amount tendered or paid" shall be awarded). The parties at oral argument, however, appeared to take the position that Section 928(b) applies to both claims.

Before settlement, Rodriguez made two distinct claims. Rodriguez's original position before the ALJ and BRB was that the 2013 injury was wholly separate from the 2009 injury for which NASSCO had already provided compensation. This 2013 "new" injury claim was litigated before the ALJ and BRB—and it failed before both. Rodriguez's other claim for "modification" of the award for the 2009 injuries was never litigated before the ALJ.

The BRB erroneously awarded attorney's fees for both claims without determining which efforts of counsel were actually "expended in pursuit of the ultimate [successful] result." *See id.* (citation omitted). Had the BRB considered the 2009 and 2013 claims separately under *Hensley*, it may well have found that no fees are due for the mostly unsuccessful 2013 injury claim—unless the claims were so intertwined that the action could not "be viewed as a series of discrete claims" (which the BRB did not find). *See* 461 U.S. at 435. The BRB also appeared to award fees based on Section 928(a), though the parties now appear to claim that Section 928(b) applies to both claims.

On remand, the BRB should determine to what extent each of Rodriguez's claims was successful and apportion attorney's fees accordingly. In other words, the BRB should determine what, if any, of the $50,000 global settlement can be attributed to counsel's efforts in prosecuting the 2013 injury claim and the 2009 modification claim. If the BRB concludes Rodriguez achieved limited success on the 2013 injury claim, the agency should reduce fees accordingly. The BRB should also determine whether Section 928(a) or 928(b) applies in determining the attorney's fees. 33 U.S.C. § 928(a), (b).

## CONCLUSION

We **GRANT** NASSCO's petitions for review and **REMAND** to the BRB.

*Nat'l Steel & Shipbuilding Co. v. Dir., Off. of Workers' Comp. Programs, et al.*, Nos. 23-2865, 24-6822

BYBEE, J., dissenting:

I would deny NASSCO's petition. All the medical evidence focuses on the knees generally and does not meaningfully distinguish between the 2013 injury and the 2009 injury—both were injuries to Rodriguez's knees caused by cumulative trauma. And Rodriguez was ultimately successful in procuring additional benefits related to his knees. This is unlike cases such as *Richardson v. Continental Grain Co.*, 336 F.3d 1103 (9th Cir. 2003), where one injury involved the employee's knee and the other his back. Here, both the 2009 (filed in 2014) and the 2013 (filed in 2015) compensation claims list "bilateral knees" as the nature of injury and "cumulative trauma" as the method of injury. There is no meaningful difference between a new cumulative injury to his knees and a modification of a previous cumulative injury to his knees.

During oral argument, both parties recognized that 33 U.S.C. § 928(b) was the operative section. Section 928(b) applies to modification of claims, while Section 928(a) applies to claims for new injuries. This acknowledgment further supports the indistinguishability of the two claims.

After agreeing with the ALJ that Rodriguez's knee conditions were not new injuries, the BRB remanded to consider whether his post-2013 knee disability

naturally progressed from his 2009 injuries. The parties then executed a global settlement: a $50,000 lump sum covering both claims and leaving open future medical care for the cumulative trauma to his bilateral knees. The settlement "conclusively resolve[d] all claims and disputes—including any and all pending appeals and/or future appellate rights—for any and all dates of injury and employment alleged." The global settlement reflects the success of Rodriguez's claim for additional compensation due to his knee injuries.

The lump sum compensates for cumulative trauma to his bilateral knees regardless of whether that injury's origin can be attributed to 2013 or 2009. Had the 2013 theory prevailed over the 2009 theory, the only difference in success would have been due to Rodriguez's higher average weekly wage in 2013. Otherwise, all the compensation and benefits due would have been the same under either the 2009 claim or the 2013 claim. For this reason, it also seems impractical to apportion the success of the settlement between the two claims, as the majority instructs.

I respectfully dissent.