NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 27 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHN FRANCIS FITZPATRICK, Petitioner, v. UNITED STATES DEPARTMENT OF LABOR, Respondent. | No. 25-2486 Agency Nos. BRB-2502-438096 BRB-2503-440783 BRB-2504-448683 Benefits Review Board MEMORANDUM[*] |

On Petition for Review of an Order of the
Benefits Review Board

Submitted May 26, 2026[**]

Before:     S.R. THOMAS, MILLER, and H.A. THOMAS, Circuit Judges.

John Francis Fitzpatrick petitions pro se for review of a decision of the

Benefit Review Board ("BRB") affirming an administrative law judge's ("ALJ")

denial of benefits under the Longshore and Harbor Workers' Compensation Act

("LHWCA").  We have jurisdiction under 33 U.S.C. § 921(c).  We review the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

BRB's decision for errors of law and for adherence to the substantial evidence standard, and conduct de novo review on questions of law. *Iopa v. Satchuk-Young Bros., Ltd.*, 916 F.3d 1298, 1300 (9th Cir. 2019). We affirm.

The BRB did not err in determining that the Office of Workers' Compensation Programs ("OWCP") and the ALJ had jurisdiction over Fitzpatrick's claim for benefits. *See Cruz v. Nat'l Steel & Shipbuilding Co.*, 910 F.3d 1263, 1267 (9th Cir. 2018) (describing the LHWCA's "mandatory framework for compensation of maritime employees injured on the navigable waters of the United States" and noting that the OWCP "has sole authority to investigate a claim and hold a hearing, and must either reject the claim or make an award" (citing 33 U.S.C. § 919; 20 C.F.R. § 1.2(e)); *see also* 33 U.S.C. § 919(d) (providing that any hearing held under the LHWCA shall be conducted by an ALJ in accordance with 5 U.S.C. § 554). To the extent that Fitzpatrick contends that the BRB failed to address the OWCP and the ALJ's jurisdiction over the claim, the contention is meritless.

Fitzpatrick's contention that the BRB failed to comply with 20 C.F.R. § 802.211(b) is likewise meritless. *See* 20 C.F.R. § 802.211(b) (imposing requirements on a petitioner seeking the BRB's review of an ALJ's decision or order).

We do not consider matters not specifically and distinctly raised and argued

in the opening brief.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions are denied.

**PETITION DENIED.**